277 P.2d 975

Leonard BLACK & Vera Johnson, also known as Vera Johnson Black, Plaintiffs and Respondents,

v.

David F. ANDERSON, Judge of the Juvenile Court of Washington County et al., Defendants and Appellants.

No. 8234.

Supreme Court of Utah.

Dec. 30, 1954.

E. R. Callister, Atty. Gen., for appellants.

H. J. Knowlton, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment in habeas corpus proceedings in which the district court annulled a juvenile court order depriving petitioners, a polygamous couple, of their children on grounds of neglect, and in which evidence as to fitness of petitioners and welfare of the children was admitted over objection, resulting in findings of fact as to such matters and a decree awarding the custody to petitioners quite inconsistent with the juvenile court orders. Only the findings of fitness and welfare, and the

decree awarding petitioners the custody are matters of appeal here. The correctness of the order that the children were illegally restrained and will be determined, at least indirectly, on direct appeal from the juvenile court order in case No. 8222. The findings relating to fitness of petitioners, as to the welfare of the children, and the decree awarding the custody of said children to petitioners are reversed. No costs awarded.

 Once the juvenile court, which has exclusive original jurisdiction in matters involving the dependency, neglect and/or delinquency of children in this state,[1] assumes jurisdiction of children whose dependency, neglect or delinquency is in issue, the matters of (1) fitness of persons to have custody and (2) the welfare of the minors are matters appealable directly to this court [2] and are not reviewable by the district court in habeas corpus proceedings.[3] The lower court erred, therefore, in receiving, over objection, evidence of fitness of persons to have custody, evidence touching the welfare of the minors and in awarding custody inconsistent with the findings and judgment of the juvenile court.

What may be determined in habeas corpus proceedings where individuals are contesting the matter of custody, and where the action or jurisdiction of the juvenile court are not involved, is not before us and are questions to be canvassed as they arise in a particular case under particular facts.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

1. Title 55–10–5, Utah Code Annotated 1953.

2. Title 55–10–34, Utah Code Annotated 1953.

3. Ex parte S.H., 1 Utah 2d 186, 264 P.2d 850.