416 P.2d 308

Eugene A. ANDERSON, Plaintiff
and Appellant,

v.

Kathleen D. ANDERSON, Defendant
and Respondent.

No. 10495.

Supreme Court of Utah.

June 28, 1966.

Richard S. Shepherd, Galen Ross, Salt
Lake City, for appellant.

Mary C. Lehmer, Salt Lake City, for
respondent.

CROCKETT, Justice.

This appeal presents the question: When a District Court has granted a divorce and awarded custody of children and support money; and the Juvenile Court in a proceeding in the interest of the children makes a different order, does its order supersede the judgment of the District Court and deprive it of jurisdiction to enforce its decree as originally made? Our opinion is that it does not.

On March 10, 1959 the marriage between Eugene A. Anderson and Kathleen D. Anderson was terminated by a divorce decree which awarded him the divorce but granted custody of their two children, Steven, 5, and Elaine, 1, with $60 per month support money for each, which was to be increased to $90 each if she moved out of the family home the parties were purchasing. For economic reasons she moved out two months later. Since that time there have been a number of proceedings in the District Court pertaining to the possible change of custody and support of these children, but they have resulted in no change of the original decree.[1]

On May 22, 1963 defendant Kathleen, apparently in a seige of emotional distress, left the children with a neighbor, and told Eugene's mother she could come and get the children, which she did. Eugene then petitioned the Juvenile Court alleging the dependency and neglect of the children and, after a hearing, that court found that Kathleen had abandoned the children and placed them in the custody of Eugene. About two years later the mother Kathleen petitioned the Juvenile Court: that she had remarried and improved her personal situation and that she could provide a proper home and upbringing for the children. Pursuant to investigation and hearing that court entered an order July 30, 1965 placing the children again with the mother Kathleen, but recited that it retained supervision over them until January 19, 1966, when a further hearing would be had. It included an order that meanwhile the father Eugene should pay $25 a month each for child support.

On October 21, 1965, a few months after the order of the Juvenile Court just referred to, and before the order of protective supervision was to come up for final hearing, Kathleen brought a proceeding in the District Court to enforce collection of the support provided in the divorce decree for the time the children were in her care. That court entered judgment against plaintiff Eugene for the amount of the arrears and found him in contempt for wilful failure to make payments. From this finding and judgment Eugene appeals.

1. See Anderson v. Anderson, 13 Utah 2d 36, 368 P.2d 264.

The plaintiff's contention is that when the jurisdiction of the Juvenile Court was invoked in the interest of the children it was exclusive and deprived the District Court of further authority to act in respect thereto. He relies on Sec. 16 of Chapter 165, S.L.U. 1965 (Code identification Sec. 55–10–78, U.C.A. 1953) part of our newly enacted Juvenile Court Act which states in part:

"Where a custody award has been made in a district court in a divorce action or in another proceeding and the jurisdiction of the district court in the case is continuing, *the juvenile court may nevertheless acquire jurisdiction* in a case involving the same child if the child is dependent or neglected or otherwise *comes within the jurisdiction of the juvenile court pursuant to section 55–10–77.*"

Plaintiff's argument is that the reference to Sec. 55–10–77 in practical effect incorporates by reference that entire section into Sec. 78 just quoted.

In considering the plaintiff's contention we first note that it should not be assumed that the statute he relies on, nor any particular part of it, should be taken to cover the whole law of family relations. It must be seen not only in its totality in relation to the act of which it is a part, but in relation to the entire structure of the law.

We survey these statutes in that light. Sec. 77 deals with the authority of the Juvenile Court to act in proceedings concerning children who are neglected, dependent, or who for reasons pertaining to anti-social behavior or family status require investigation and adjudication. Such plausibility as there is to plaintiff's argument arises because that section, before listing eight classes of children affected, contains the prefatory statement that the Juvenile Court shall have "exclusive original jurisdiction" in those classes of cases. It is noted that the statement in Sec. 78 is permissive, that "the juvenile court *may* nevertheless acquire jurisdiction" [of the child if it] comes within the jurisdiction of that court pursuant to section 55–10–77. This is to identify the classes of children in the kind of trouble which warrants proceedings in their interest in the Juvenile Court.

Referring again to Sec. 78 upon which plaintiff relies, it speaks plainly about "[w]here a custody award has been made in a district court and * * * *the jurisdiction of the district court in the case is continuing* * * *" and makes no reference whatever to "exclusive" jurisdiction in the Juvenile Court. There are sound reasons why this is advisedly so. To accept plaintiff's contention that the Juvenile Court has exclusive jurisdiction precluding any further action by the District Court would have the effect of permitting the Juvenile

**92**

Court to become a court of review which could modify or nullify the judgments and orders of the District Court. This would be neither essential to nor consistent with the purpose of the new statute, Secs. 15 and 16, Chapter 165 S.L.U. 1965 (Code identification, Secs. 55-10-77, 78, U.C.A. 1953). It is apparent that that purpose was to confer concurrent jurisdiction on the Juvenile Court to act in the interest of Children in various kinds of troubled circumstances set forth in Sec. 77 where, because of the public interest in their welfare, its services are deemed necessary and desirable, even though the District Court has jurisdiction over them in a divorce proceeding. But to go beyond that supplemental purpose and oust the District Court of jurisdiction entirely would not be in accord with the meaning or intent of the statute.

More importantly, such an application of the statute would meet with grave difficulties in relation to the basic structure of our court system. The District Courts are created by our Constitution as courts of general jurisdiction having authority in all cases both civil and criminal.[2] This includes divorce and all matters relating thereto, including custody and support money.[3] Whereas the Juvenile Court is created by statute and has jurisdiction only in the cases specified therein.[4]

Upon our consideration of the Juvenile Court Act hereinabove referred to, it is our opinion that it does not and could not limit or curtail the authority of the District Court. When that court has taken jurisdiction, the jurisdiction of the Juvenile Court may be invoked and it may act in the interest of the children in the cases specified therein, but its action must be regarded as supplementary to the action of the District Court; and it may not make orders in direct conflict with those of the District Court, nor does its authority supersede or divest the District Court of jurisdiction. All emphasis added.

For the reasons herein stated the judgment of the District Court is affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

WADE, J., heard the arguments, but died before the opinion was filed.

2. Art. VIII—§ 1 and § 7, Utah Constitution; Nielson v. Schiller, Judge, et al., 92 Utah 137, 66 P. 365.

3. See § 30-3-5, U.C.A.1953; Gale v. Gale, 123 Utah 277, 258 P.2d 986.
4. See Chapter 10, Title 55, U.C.A.1953; Salt Lake County v. Salt Lake City, 42 Utah 548, 134 P. 560 (1913).