422 P.2d 199

**STATE of Utah, in the Interest of Rae Lynn THORNTON, a person under the age of 18, LaVonne C. Thornton Marsh, Appellant.**

No. 10619.

Supreme Court of Utah.

Jan. 11, 1967.

---

5. See statement in State v. Seymour, 18 Utah 2d 153, 417 P.2d 655.

Galen Ross, Salt Lake City, for appellant.

Spafford & Young, Earl S. Spafford, Salt Lake City, for respondent.

NORSETH, District Judge.

This is an appeal from an order of the Juvenile Court of Salt Lake County, State of Utah, the Honorable John Farr Larson, Judge, presiding.

This case was referred by the Third District Court of the State of Utah to the Juvenile Court pursuant to Section 55–10–78, as amended, and particularly to the provisions stated therein, as follows:

"A district court may at any time decline to pass upon a question of custody and may certify that question to the juvenile court for determination or recommendation."

It was further stipulated in the District Court by the respective parties involved in this matter that a suitable agency be appointed to make a social study of all parties, and a psychological evaluation be made of the parents and stepparents of the child, and that the Court personally interview each person prior to a decision, and that no stenographic record of the Court's interview be made.

Pursuant to said stipulation, the Third District Court of Salt Lake County, State of Utah, referred the matter to the Juvenile Court. A social and psychological evaluation was made by the duly constituted representatives of the Juvenile Court, a hearing was had, and after said hearing the Judge of the Juvenile Court awarded the custody of the minor child to the father. There is nothing in the record to indicate that either of the parents of the child was immoral, incompetent, or in anywise barred by law to have the custody of said minor child.

The Juvenile Court assumed jurisdiction over the subject matter after the same had been referred to it by the District Court. The sole question to be decided is the interpretation of the section hereinbefore referred to, and particularly the words:

"* * * may certify that question to the juvenile court for determination or recommendation."

The word "determination" has many meanings and may in a strict sense be construed to mean, as provided in the referral section referred to, that the determination divests the District Court of further jurisdiction over the subject matter. This Court does not interpret such a limited meaning to the word "determination" as was apparently conceived by the Juvenile Court.

It is the opinion of this Court further that the District Court, being a court of original jurisdiction, pursuant to the Constitution of the State of Utah, cannot delegate and cannot divest its jurisdiction to the Juvenile Court in a case such as this. The statutes of the state of Utah, as amended, spell out in great detail how and when the Juvenile Court has jurisdiction of minor children, which in essence may permit said Court to divest parents of the right to said children, to place children in a foster home, and to make other adjudications concerning the welfare of neglected, abandoned and mistreated children.

Further, upon the argument of counsel as to the interpretation of said section, it is our opinion, and we so hold, that the District Court did not abrogate its

jurisdiction to the Juvenile Court after having assumed the original jurisdiction over the subject matter. We feel that the proper interpretation that should be placed upon Section 55–10–77, subsection (4), is this:

That if and when the District Court avails itself of such a referral to the Juvenile Court, it is only for the purpose of having the agencies of the Juvenile Court, with the assistance of the Judge, to make an evaluation, determination or recommendation. That this having been done by the Juvenile Court, the Juvenile Court in turn should make such findings and recommendations pursuant to the information which it has received for evaluation and consideration affecting the custody of the minor children, and refer the matter again to the District Court for its final determination. We think to do otherwise would in reality distort and make unrealistic the duties and obligations vested in the District Courts of the State.[1]

The decision of the Juvenile Court is reversed, and the cause is remanded to the District Court for further determination.

CALLISTER, TUCKETT, and HENRIOD, JJ., concur.

CROCKETT, C. J., concurs in the result.

1. Anderson v. Anderson, 18 Utah 2d 89, 416 P.2d 308.