427 P.2d 751

**In re STATE of Utah, in Interest of Arthur John KRUMS, a minor.**

**No. 10745.**

Supreme Court of Utah.

May 10, 1967.

---

Glenn W. Adams, C. DeMont Judd, Jr., Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for the State.

TUCKETT, Justice:

This is an appeal from an order made by the Juvenile Court of Weber County awarding custody of Arthur J. Krums to the mother, Maria Magdelene Krums, and reducing the visitation rights of the father, Gohann J. Alfred Krums. The father is here seeking a reversal of that order.

The mother and father of the above named child were plaintiff and defendant in divorce proceedings filed in the District Court of Weber County, in October, 1962. The District Court made various orders concerning the custody of the child, and on October 14, 1966, the Court referred the matter to the Juvenile Court for further investigation and a determination pursuant to the provisions of Section 55–10–78, U.C. A.1953, as amended, and custody of said minor child was immediately transferred to the Juvenile Court. The Juvenile Court, after a hearing, made and entered an order herein appealed from.

The statute under which this matter was transferred to the Juvenile Court was before this Court in the case of State of Utah, in the interest of Thornton.[1] In that case we interpreted the provisions of Section 55–10–78(4) as follows:

That if and when the District Court avails itself of such a referral to the Juvenile Court, it is only for the purpose of having the agencies of the Juvenile Court, with assistance of the Judge, to make an evaluation, determination or recommendation. That this having been done by the Juvenile Court, the Juvenile Court in turn should make such findings and recommendations pursuant to the information which it has received for evaluation and consideration affecting the custody of the minor children, and refer the matter again to the District Court for its final determination. * *

We are unable to perceive a distinction between that case and the one now before us. Separate courts dealing with the same issue in the same case can only lead to confusion.

It is ordered that the appeal be dismissed and that the clerk below transfer the proceedings in this matter to the District

---

1. 18 Utah 2d 297, 422 P.2d 199.

**158**

Court of Weber County for its determination. No costs awarded.

CALLISTER, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Chief Justice (dissenting).

My opinion concerning the authority of the juvenile court with respect to issue upon which this case is being disposed of is set forth in Anderson v. Anderson, 18 Utah 2d 89, 416 P.2d 308. The Juvenile Court Act (see Chapter 165, S.L.U.1965; code identification Chapter 10 of Title 55, U.C.A.1953) was evidently enacted for a purpose and the juvenile court should be left free to function as provided therein, except only when there is direct conflict with the district court, as noted in the Anderson case.