467 P.2d 42

In re STATE of Utah, In the Interest of Sylvia SCOTT and Paris Scott, persons under 18 years of age.

No. 11833.

Supreme Court of Utah.

March 23, 1970.

Stephen L. Johnston, Salt Lake City, for appellant.

M. Blaine Peterson, Ogden, for respondent.

Richard I. Aaron, Salt Lake City, amicus curiae.

TUCKETT, Justice:

Patsy Scott McIntosh, the mother of Sylvia and Paris Scott, filed an action for a divorce against her husband, Cicero Scott, in the District Court of Salt Lake County. Patsy McIntosh was awarded the care, custody and control of the two children here involved subject to the right of the father, Cicero Scott, to visit the children at reasonable times.

On December 2, 1964, a petition was filed in the Juvenile Court of Salt Lake County alleging that the children had become neglected. A hearing was had by the Court on that petition, and after the hearing an order and decree was entered by the Court depriving the mother, Patsy Scott McIntosh, of custody of the children and transferring the custody to the father, Cicero Scott. By a subsequent order the Juvenile Court of Salt Lake County transferred the proceedings to the Juvenile Court of Weber

County. No appeal was taken from the decree depriving Mrs. McIntosh of custody and the propriety of that decree is not before us.

On August 20, 1968, Patsy McIntosh filed a petition with the Juvenile Court of Weber County which alleged a change of circumstances on her part and requested the Court to restore the custody of the children to her. Hearings were had on the petition on April 22, 1969, and on August 19, 1969, after which an order was made by the Court continuing the custody of the children with their father. The order was by its terms temporary in nature, the further disposition of the case to be made on the first day of September, 1970. From the adverse ruling of the Juvenile Court petitioner Patsy McIntosh has appealed.

Our consideration of the matter before us leads us to the conclusion that only an issue of fact is presented to this Court for review. It is clear that the petitioner in the Juvenile Court, and appellant here, had the burden of proving the allegations of her petition for restoration of custody by a preponderance of the evidence. After review of the record we cannot say that the Juvenile Court abused its discretion by failing to find in favor of petitioner upon the evidence before it.

Cicero Scott, the father of the children here involved, did not file a brief in this court. An amicus curiae did appear and by permission of the Court filed a brief and presented an oral argument. The Court's amicus urges the Court in these proceedings to re-examine two prior decisions of the Court, namely, In re Thornton,[1] and Anderson v. Anderson.[2] These cases dealt with certain aspects of overlapping jurisdiction between the district courts in divorce proceedings and proceedings before the juvenile courts in the interest of dependent, neglected and delinquent children.[3] These matters are not before us on this appeal and we decline to re-examine the cases here.

The order of the Juvenile Court is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. 18 Utah 2d 297, 422 P.2d 199.

2. 18 Utah 2d 89, 416 P.2d 308.

3. In re State in the Interest of Graham, 110 Utah 159, 170 P.2d 172.