STATE of Utah, in the Interest of HALES,
Floyd Roger (6–24–65), a person
under 18 years of age.

Appeal of Jose LUJAN and Maggie Lujan.

No. 13918.

Supreme Court of Utah.

July 29, 1975.

Golden W. Robbins, Salt Lake City, for appellants.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Michael C. Stead, Asst. Attys. Gen., Salt Lake City, for appellee.

ELLETT, Justice:

This is an appeal from a denial of a writ of habeas corpus. The record is sparse, but the following seem to be the facts:

The mother of Floyd Roger Hales is mentally incompetent, and when the child was ten days old, his father gave him to the Lujans, who are the great uncle and great aunt of the minor child.

In May, 1971, the juvenile court apparently entered an order depriving the parents permanently of the custody of the child and making him a ward of the juvenile court. I say "apparently" because the judge based her ruling upon such an order, although it was never placed in evidence.

The Lujans were not made parties to the proceedings whereby the parents were deprived of custody of the child, although it appears that they were present at the hearing. At any rate, they recognized the order as being official in that they signed an agreement with the State Division of Family Services, with whom the child was placed by order of the juvenile court, whereby they were to keep the child and were to be paid for that service. They received money from the State Division of Family Services until September 7, 1974, at which time employees of the division took

the child from their home and placed him elsewhere.

The Lujans filed a petition for a writ of *habeas corpus* in the district court praying for the return of the child to their custody. The district court judge pursuant to statute [1] certified the petition to the juvenile court to determine the question of custody. The juvenile court filed the petition in the same file which contained the order depriving the parents of custody, and counsel for the Lujans assigns this as error.

■ So far as we can see, it does not matter how the juvenile court keeps its files. In any case the court should not take notice *sua sponte* of the proceedings in another case unless the files of the other case are placed in evidence in the matter before the court.[2]

The juvenile court judge seemed to be of the opinion that the welfare of the child would best be served by leaving him with those relatives with whom he had lived all of his life, but she seemed to be of the opinion that she was powerless to prevent the State Division of Family Services from placing the child as seemed proper to its agents. She therefore denied the petition for the writ of *habeas corpus* without permitting any testimony as to the welfare of the ten-year-old minor child.

■ Ordinarily the inquiry in a habeas corpus matter is as to the legality of the detention. However, where the proceeding is to determine the custody of the child, the matter becomes equitable in the highest degree,[3] and the welfare of the child is of paramount importance.

■ The Lujans also assign as error the ruling made by the juvenile court judge in not remanding the case with recommendations to the district court.

■ The juvenile court judges by statute [4] are given the powers possessed by district judges when they sit as a district judge at the request of a district judge. In this case the district judge did not invite the juvenile court judge to sit on the district bench, and so the powers possessed by the juvenile court judge were simply those of a juvenile court judge.

■ The Constitution gives the district court jurisdiction to hear *habeas corpus* matters.[5] The juvenile court is of statutory origin, and its powers are limited to those specifically set out in the statute.

Section 55–10–78, U.C.A.1953 (Replacement Vol. 6A), states:

. . . [P]rovided that in case . . . the juvenile court has previously acquired continuing jurisdiction over the same child, the district court shall certify the question of custody to the juvenile court for determination.

If it be thought that this part of the statute compels the district court to transfer jurisdiction in a habeas corpus matter over to the juvenile court for final determination, then the statute would be invalid as an attempt by the legislature to deprive the district courts of powers granted to them by the Constitution of Utah. We have not been advised of nor have we been able to find any authority in the juvenile court to determine matters of *habeas corpus*.

This court in the case of *State in re Thornton* [6] held that when a matter was certified by the district court to the juvenile court pursuant to Section 55–10–78, *supra*, that the juvenile court could not make a final decision but should make recommendations and refer the matter back to the district court for a final order.

1. Section 55–10–78, U.C.A.1953 (Replacement Vol. 6A) provides: "A district court may at any time decline to pass upon a question of custody and may certify that question to the juvenile court for a determination or recommendation."

2. 29 Am.Jur.2d, Evidence § 58.

3. Application of Conde, 10 Utah 2d 25, 347 P.2d 859 (1959); Jones v. Moore, 61 Utah 383, 213 P. 191 (1923).

4. Section 55–10–77, U.C.A.1953 (Replacement Vol. 6A).

5. Art. VIII, Sec. 7

6. 18 Utah 2d 297, 422 P.2d 199 (1967)

That case pertained to custody of minor children in a divorce proceeding, but we think the reasoning therein applies equally as well to habeas corpus proceedings, since the juvenile courts do not have jurisdiction over either divorce matters or writs of *habeas corpus*.

The judgment of the juvenile court dismissing the petition is reversed and the matter referred to that court for the purpose of further proceedings and making recommendations to the district court with particular reference to the question of the welfare of the minor. No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.