STATE of Utah, in the Interest of Tamara SUMMERS and Tina Summers,

v.

Beatrice WULFFENSTEIN, Appellant.

No. 15141.

Supreme Court of Utah.

Nov. 2, 1977.

---

Don L. Bybee, Salt Lake City, for appellant.

Franklin B. Matheson, Paul M. Tinker, Asst. Attys. Gen., Robert B. Hansen, Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Olof A. Johansson, Deputy Salt Lake County Atty., Salt Lake City, for respondent.

MAUGHAN, Justice:

Beatrice Wulffenstein filed a petition in the Juvenile Court seeking custody of her two granddaughters. The Juvenile Court summarily dismissed the petition on the alternate grounds petitioner had no standing to seek custody, or the court did not have jurisdiction. Petitioner appeals. We reverse. All statutory references are to U.C.A.1953.

The mother of the children is dead. The father, petitioner's son, had his parental rights terminated in a proceeding before the Juvenile Court. Legal custody of the children was vested in the Division of Family Services for adoption or permanent placement. The son appealed, and the Juvenile Court's order was affirmed by this Court on January 31, 1977, in State in the interest of *Summers Children v. Wulffenstein,* Utah, 560 P.2d 331. Mrs. Wulffenstein filed her petition on February 11, 1977; the state filed a motion to dismiss, which was granted on March 21, 1977. Her appeal was filed on April 4, 1977. Although there is nothing in the record to so indicate, petitioner contends that she requested custody of the children from the Division of Family Services and was refused.

■ The state readily concedes that petitioner, under the authority of *Wilson v. Family Services Division,*[1] is entitled to a hearing to determine her fitness as a custodian for her grandchildren. However, the state insists that after all parental rights have been terminated and the legal custody of the child has been vested in the Division of Family Services for adoption or permanent placement, the Juvenile Court has no jurisdiction to interfere with the Division's custodial rights. The state claims the sole forum available to appellant to obtain a hearing on the merits of her petition as to her fitness and the best interests of the children is in the district court.

Specifically, the state argues:

. . . once the parental rights to any children have been terminated and the children placed in the custody of the Division of Family Services, the Juvenile Court no longer has jurisdiction to determine questions relating to placement of those children.

■ The Juvenile Court had exclusive original jurisdiction in the proceeding under 55–10–77, U.C.A.1953, as enacted in 1965,[2] whereby the father's parental rights were terminated (subsection (5)) and disposition of the custody of the children was made (subsection (4)). Under 55–10–100, the court upon adjudication may make a disposition by order appointing a public agency in which legal custody of the child is vested,

1. Utah, 554 P.2d 227 (1976).

2. In 1977, the Juvenile Court Act of 1965 was redesignated as 78–3a–1 to 78–3a–62.

as such guardian (subsection (11)). Under 55–10–64(9) "Guardianship of the person" includes legal custody, if legal custody is not vested in another person, agency, or institution. One of the attributes of "legal custody" as set forth in 55–10–64(7) is the right to determine where and with whom a child shall live. Thus the disposition of the children under 55–10–100 by the court was made strictly in accord with the court's statutory jurisdiction as set forth under 55–10–77.

55–10–101, provides:

> Jurisdiction obtained by the court of a child through adjudication under section 55–10–100 shall continue for purposes of this act until he becomes twenty-one years of age, unless terminated prior thereto.

> The continuing jurisdiction of the court shall terminate (1) upon order of the court, (2) upon commitment to the state industrial school, and (3) upon commencement of proceedings in adult cases under 55–10–80. The continuing jurisdiction of the court is not terminated by marriage.

In addition, 55–10–106, provides the court may modify or set aside any order or decree made by it.

In conjunction with the foregoing, 55–10–109(4) should be reviewed. The court upon entry of an order terminating the rights of the parents may (a) place the child in the legal custody and guardianship of an agency for purposes of adoption, or (b) make any other disposition of the child authorized under 55–10–100.

The state relies on a provision in 55–10–108, which provides:

> No petition by a parent may be filed under this section after his or her parental rights have been terminated in accordance with 55–10–109.

The state reasons that if a parent is expressly prohibited from filing a petition, the grandparent is likewise excluded. This argument does not consider the fact that in a proceeding under 55–10–109, it is the *paren-tal rights* that are involved. In *Wilson v. Family Services Division*[3] this Court observed that the only persons having any actually vested interest in the custody of a child cognizable by the law are the parents, consequently the parents alone are entitled to service of process and a hearing in an adjudication of the severance of their parental rights.

The state neither offers into evidence an order terminating the court's jurisdiction nor any argument why the continuing jurisdiction conferred on the court in 55–10–101, has been terminated. In, *In re Tanner*[4] the guardianship over the child had been vested in the Division of Family Services, after the death of his mother and abandonment by his father. This Court stated that the jurisdiction of the Juvenile Court continued even after the Division was given guardianship.

If the Juvenile Court, upon entry of the decree terminating parental rights, had placed the child in the legal custody of a relative, as it was granted the authority to do under 55–10–109(4) and 55–10–100(2), it would have continuing jurisdiction to modify such legal custody.

The vesting of legal custody in the Division of Family Services is analogous and the continuing jurisdiction of the Juvenile Court is not terminated. Prior to any adoption proceedings, over which the district court has exclusive jurisdiction, the Juvenile Court has jurisdiction to modify or set aside an order vesting legal custody in the Division of Family Services. In such an instance, the welfare of the child is of paramount importance in a determination to modify the custody.

It should be acknowledged that in 55–10–78, it is provided that nothing in the Juvenile Court Act deprives the district court of jurisdiction to appoint a guardian for a child, nor of jurisdiction to determine the custody of a child upon a writ of habeas corpus; or when the question of custody is incidental to the determination of a cause in

---

3. Note 1, supra.

4. Utah, 549 P.2d 703 (1976).

the district court. However, this section further provides that if the Juvenile Court has previously acquired continuing jurisdiction over the same child, the district court shall certify the question of *custody* to the juvenile court for determination.

In *State in Interest of Hales*[5] this Court interpreted 55–10–78 to mean that when the Juvenile Court has previously acquired continuing jurisdiction and a petition for a writ of habeas corpus is filed in the district court, the matter after consideration by the Juvenile Court, is remanded to that district court with a recommendation. The final determination and order are exclusively within the jurisdiction of the district court.

In the *Wilson* case[6] a grandmother filed a proceeding in the district court to restrain the Division of Family Services from placing her grandchild for adoption until she could have a hearing on her own fitness as a custodian and adoptive parent. Upon a hearing on the restraining order, the trial court .vacated the order and refused to grant her a hearing on her petition. The trial court ruled that a grandparent had no enforceable legal right to the custody of a grandchild and had no more standing than a stranger to contest the placement of the child. This Court reversed the ruling of the trial court and stated that a grandparent does have some dormant or inchoate right or interest in the custody and welfare of a child, who is parentless, and may assert such a claim. This Court stated that the administrative agency should give serious consideration to the grandparent's claim, and that failing, the court concerned with the welfare of the child, should accord the grandparent a hearing and determination on the merits of the petition.

■ In the *Wilson* case there was no specific issue concerning the proper forum to contest a custody issue where parental rights have been terminated and the Division of Family Services is vested with legal custody for the placement of the child for adoption. There is a certain element of confusion generated by the various statuto-ry provisions. 55–15b–7 provides the Division of Family Services shall provide adoption services; this term includes supervising adoption placements until adoption is determined by the court, 55–15b–2. 55–15b–18, provides for an administrative hearing in which an applicant or recipient may appeal denial of or exclusion from a service program. However, there is no provision granting to the Division power to confer legal custody, which by its nature is a judicial act. If one desires to assert an interest in a child in the legal custody of the Division, such a proceeding is a judicial function. When the Division has been vested with legal custody pursuant to a disposition under 55–10–100, the Juvenile Court under the mandatory provision of 55–10–101 retains continuing jurisdiction. The Juvenile Court is the proper forum to seek modification of such a custody order, although one is not precluded from filing a petition for a writ of habeas corpus in the district court to determine the custody of a child.

The order of the Juvenile Court dismissing appellant's petition is reversed, and this cause is remanded for the purpose of granting appellant a hearing on the merits of her petition.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, C. J., dissents.

---

5. Utah, 538 P.2d 1034 (1975).

6. Note 1, supra.