**STATE of Utah, in the Interest of Douglas Rex IZATT, A person under eighteen years of age.**

**Appeal of Ben and Janet STOWELL.**

**No. 14576.**

Supreme Court of Utah.

Dec. 1, 1977.

David A. Goodwill, Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., David H. Schwobe, Salt Lake City, for respondent.

CROCKETT, Justice:

Appellants, Ben and Janet Stowell, filed a petition with the Salt Lake County Juvenile Court[1] seeking custody of their nephew, Douglas Rex Izatt, three-year-old son of Mrs. Stowell's deceased sister, Judith H. Izatt, who had been awarded custody of the child in a divorce action. The child's father, Sheldon Izatt, filed petition in habeas corpus in the District Court of Salt Lake County. That court certified the matter to the Juvenile Court with directions that it make findings and refer the matter back to the District Court for a final hearing and determination. Pursuant to certain proceedings, delineated in part below, the Juvenile Court dismissed the Stowells' petition and they appeal.

On January 27, 1975, Judith H. Izatt and Sheldon J. Izatt were divorced. The decree awarded custody of Douglas to his mother, with other provisions, including reasonable visitation rights to his father. The following month, in February 1975, the mother Judith was killed in an automobile accident. Shortly thereafter, in proceedings in the Juvenile Court in the interest of Douglas, that court made an order placing him in the temporary custody of his maternal grandmother, Ina Hellstrom. Douglas' father, Sheldon then filed a petition in habeas corpus in the District Court to obtain custody of his child; and a hearing thereon was set for March 21.

Prior to that date, on March 13, a pre-trial conference was held in the Juvenile Court on the petition of Mrs. Hellstrom and the Stowells, at which time temporary custody was continued in the grandmother, Mrs. Hellstrom, and the conference was continued pending a determination in the habeas corpus proceeding in the District Court.

On March 21, 1975, a hearing was held in District Court and an order was entered as follows:

1. The question of the custody of the minor child, Douglas Rex Izatt, is certified to the Juvenile Court for Salt Lake County for determination pursuant to 55–10–78, U.C.A. [now 78–3a–17] as amended.

\* \* \* \* \* \*

1. The maternal grandmother, Ina Hellstrom, now deceased, originally joined in the petition, which was filed February 28, 1975.

3. That following the hearing in Juvenile Court, the Juvenile Court shall *make findings* and an order with regard to custody *and refer the matter back to the District Court* for final hearing on the Writ of Habeas Corpus. [Emphasis added.]

A week later, on March 28, 1975, Mrs. Hellstrom had a heart attack and died; and on April 1, the Juvenile Court placed temporary custody of the child with his father, subject to the protective supervision of the State Division of Family Services. Mr. and Mrs. Stowell requested psychological examinations of the child, his father and his father's new wife. The court granted the request and ordered the Stowells to pay the expenses of the examinations.

After seeing the report of the examinations, the Stowells filed an amended petition seeking custody of Douglas and asserting a number of charges against the father, Sheldon, and his new wife, relating to their claimed lower intelligence, and certain improper conduct, as a basis for contending that the welfare of the child would not be served by the father having custody, but would better be served by their having him. We note here that surely no one should have any ill feelings about these parties both desiring to take the responsibility for the custody, care and welfare of this little boy.

On October 17, 1975, the matter came before the Juvenile Court and, prior to the completion of the Stowells' case, Mr. Izatt's attorney moved for dismissal of their petition. Pursuant to subsequent proceedings, on December 1, 1975, the juvenile judge entered an order dismissing several of the charges against the Izatts, but leaving others undisposed of. The Stowells made no effort to appeal from that order. Subsequently, Sheldon Izatt made a motion to the Juvenile Court to dismiss the remaining portions of the petition. That matter came on for hearing on April 15, 1976. Marie Nelson, a social worker, testified in support of the father; that the child Douglas had then been in his home for a year and was doing well. Without giving the petitioners

Stowells an opportunity to present further evidence, the court granted Sheldon's motion to dismiss their petition.

On appeal the Stowells claim the Juvenile Court erred: (1) in granting the motion to dismiss before the close of their case; and (2) in failing to comply with the order of the District Court to make findings and refer the matter back to that court for final determination.

We see no useful purpose to be served in canvassing the controversy between the parties as to whether the order of dismissal of some portions of the petition on December 1, 1975, was a final judgment, which should have been appealed, or whether that was merely an incidental ruling and was merged in the final order dismissing the entire petition and thus disposing of the controversy on April 15, 1976. This is so because in any event this appeal was taken timely from that order, which finally disposed of the case.

■ In regard to appellants' point (1), the significant fact is that it is apparent that the judge of the Juvenile Court was not very much impressed with the charges leveled at the father Sheldon, who succeeded to the primary right to custody of his son Douglas after the death of Douglas' mother. The court was also aware that in view of the fact that there was then pending the action in the District Court looking toward final determination as to the custody of the child, that no useful purpose would be served by further proceeding therein. Upon the basis of the record as we have reviewed it we are not persuaded that the Juvenile Court abused its discretion or acted improperly in dismissing the Stowells' petition in so far as it sought to have an order depriving the father Sheldon of the custody of Douglas and placing it with themselves.

The petitioners' claim that the Juvenile Court was in error in failing to conduct an inquiry, make findings and refer the matter back to the District Court has a different complexion. In that regard it should be kept in mind that the judgment under review here is the dismissal of the Stowells'

petition to have the Juvenile Court deprive the father Sheldon of the custody of his son Douglas and place it with them;[2] and that the dismissal of that proceeding does not necessarily affect the Juvenile Court's jurisdiction or responsibility to comply with the order of the District Court above referred to.

The fact that the Juvenile Court may already have acquired jurisdiction of the controversy pursuant to Sec. 78–3a–16, U.C.A.1953, by virtue of the petition filed by the Stowells and the grandmother, Mrs. Hellstrom, seeking adjudication of dependency and/or neglect and an award of custody, did not prevent the District Court from taking jurisdiction in the habeas corpus proceeding and then requesting the Juvenile Court to make inquiry and report its findings and recommendations to the District Court;[3] nor did this procedure deprive the District Court of its jurisdiction to make the ultimate determination in the case.[4]

In accordance with what has been said herein our conclusion is that the proper procedure is to affirm the dismissal of the Stowells' petition; and to remand this case to the Juvenile Court to give it the opportunity to comply with the request of the District Court to make such findings and recommendation as it may desire for the District Court to consider in making its final disposition as to custody of the child Douglas. It is so ordered. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

2. It is to be noted that this is the only portion of the juvenile court's ruling that the Stowells have standing to challenge.

3. Sec. 78–3a–17, U.C.A.1953: ". . . Nothing contained in this act shall deprive the district courts of jurisdiction . . . to determine the custody of a child upon a writ of habeas corpus . . . . A district court may at any time decline to pass upon a question of custody and may certify that question to the juvenile court for a determination or recommendation."

4. *Anderson v. Anderson*, 18 Utah 2d 89, 416 P.2d 308 (1966); *State in the interest of Thornton*, 18 Utah 2d 297, 422 P.2d 199 (1967); *State in the interest of Hales*, Utah, 538 P.2d 1034 (1975).