2011 UT App 42

**Darla Kay SHEDRON–EASLEY, Petitioner and Appellant,**

v.

**Stanley Bryan EASLEY, Respondent and Appellee.**

**No. 20100970–CA.**

Court of Appeals of Utah.

Feb. 3, 2011.

---

Darla Kay Shedron–Easley, Cedar City, Appellant Pro Se.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶1 Darla Kay Shedron–Easley appeals the juvenile court's order entered on October 15, 2010, which dismissed a parental rights termination petition against her, consolidated the termination petition matter with the divorce case pending in the district court,[1] and

1. Because the juvenile court consolidated the two cases, the order entered was captioned as if in the divorce case. This case heading reflects

ordered modifications of an earlier order in the divorce case. No responses to Shedron–Easley's petition on appeal were filed. We vacate the order in part and remand to the juvenile court for dismissal of the juvenile court case.

¶ 2 Shedron–Easley asserts that the juvenile court lacked jurisdiction to address the issues other than the dismissal of the termination petition. "Questions of jurisdiction and statutory interpretation are questions of law that we review for correctness." *In re B.B.G.*, 2007 UT App 149, ¶ 4, 160 P.3d 9.

¶ 3 District courts are constitutional courts of general jurisdiction. *See Anderson v. Anderson*, 18 Utah 2d 89, 416 P.2d 308, 310 (1966). The divorce case between Shedron–Easley and Stanley Easley was within the original jurisdiction of the district court as the court with jurisdiction over civil matters. *See* Utah Code Ann. § 78A–5–102 (2008). The divorce case remained pending in the district court when the termination petition was filed.

¶ 4 In contrast to the general jurisdiction of district courts, juvenile courts are statutory courts with limited jurisdiction over specified subject matter. *See Anderson*, 416 P.2d at 310. Juvenile courts have exclusive jurisdiction over, among other things, abused or neglected children and the termination of parental rights. *See* Utah Code Ann. § 78A–6–103 (2008). Any interested party may file a petition to terminate a parent-child relationship. *See id.* § 78A–6–504(1). In this case, the juvenile court's jurisdiction was invoked when Easley filed a petition to terminate Shedron–Easley's parental rights in their son.

¶ 5 As a result, the divorce case was pending in the district court at the same time the termination petition was pending in the juvenile court. Jurisdiction regarding simultaneous proceedings is provided for in the Utah Code. *See id.* § 78A–6–104. Juvenile courts have concurrent jurisdiction with district courts only as prescribed by statute. *See id.* The relevant section here provides,

Where a support, custody, or parent-time award has been made by a district court in a divorce action or other proceeding, and the jurisdiction of the district court in the case is continuing, the juvenile court may acquire jurisdiction in a case involving the same child if the child is dependent, abused, neglected, or otherwise comes within the jurisdiction of the juvenile court under Section 78A–6–103.

*Id.* § 78A–6–104(4)(a). In this case, the filing of the termination petition brought the case within the juvenile court's jurisdiction under section 78A–6–103. See id. § 78A–6–103.

¶ 6 When the juvenile court has jurisdiction over child welfare matters concurrently with a case proceeding in district court, the juvenile court has the authority to modify district court orders as necessary to protect the subject child. *See id.* § 78A–6–104(4)(b). "The juvenile court may, by order, change the custody, . . . support, parent-time, and visitation rights previously ordered in the district court as necessary to implement the order of the juvenile court for the safety and welfare of the child." *Id.* However, "[t]he juvenile court order remains in effect [only] so long as the jurisdiction of the juvenile court continues." *Id.* So, if the jurisdiction of the juvenile court terminates, then so does the effect of its orders. It is axiomatic that if the juvenile court does not have jurisdiction over a juvenile case, it does not have authority to modify district court orders.

¶ 7 The concurrent jurisdiction statute does not confer broad jurisdiction on the juvenile court at the expense of the district court. *See Anderson*, 416 P.2d at 310. Rather, the juvenile court's jurisdiction is limited to child welfare matters that may proceed simultaneously with the district court proceedings. When both courts have jurisdiction over the child, the juvenile court may take the lead in those safety and welfare issues, but it cannot take jurisdiction over the district court proceedings as a whole. In *Anderson*, the supreme court ruled that when the jurisdiction of the juvenile court is

that caption, although the appeal originated in juvenile court.

invoked while district court proceedings are pending, the juvenile court does not acquire exclusive jurisdiction over the entire proceeding. *See id.* at 309. The court stated,

> It is apparent that [the] purpose [of section 78A–6–104] was to confer concurrent jurisdiction on the Juvenile Court to act in the interest of Children in the various kinds of troubled circumstances set forth in [section 78A–6–103] where, because of the public interest in their welfare, its services are deemed necessary and desirable, even though the District Court has jurisdiction over them in a divorce proceeding. But to go beyond that supplemental purpose and oust the District Court of jurisdiction entirely would not be in accord with the meaning or intent of the statute.

*Id.* at 310. Accordingly, even where the juvenile court may exercise its limited jurisdiction, the district court retains its own jurisdiction over the divorce case.

¶ 8 Here, the juvenile court exceeded its jurisdiction when it purported to consolidate the cases and modify the district court order after dismissing the termination petition. The sole basis for invoking the juvenile court's jurisdiction was the termination petition. The filing of the petition permitted the juvenile court to exercise its jurisdiction concurrently with the divorce proceedings, but it did not displace the divorce proceedings. Once the juvenile court dismissed the termination petition, the basis for its jurisdiction ended and it had no continuing jurisdiction to modify a district court order. *See* Utah Code Ann. § 78A–6–104(4)(b) (2008).

¶ 9 Additionally, there is no provision in the statute that would permit the juvenile court to assume jurisdiction over a divorce case. As noted in *Anderson,* such a usurpation is contrary to the structure and purpose of the courts. *See* 18 Utah 2d 89, 416 P.2d 308, 310 (1966). The juvenile court stated that the parties stipulated to the juvenile court exercising jurisdiction over the divorce case. However, the "acquiescence of the parties is insufficient to confer jurisdiction." *Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 10 In sum, the only matter that the juvenile court had jurisdiction over was the termination petition. The juvenile court's jurisdiction ended when it dismissed that petition pursuant to the stipulation of the parties. Once that occurred, the juvenile court had no basis to amend the district court order and it had no authority to assume jurisdiction over the district court case.

¶ 11 Accordingly, the dismissal of the termination petition is affirmed. The remainder of the October 15, 2010 order is vacated, and this matter is remanded to the juvenile court to enter the dismissal of the juvenile case.

¶ 12 I DISSENT: WILLIAM A. THORNE JR., Judge.