515 P.2d 617

Donald R., a person under 18 years of age,
Plaintiff and Appellant,

v.

Judge Judith WHITMER, Judge of the Second District Juvenile Court, IN AND FOR SALT LAKE COUNTY, State of Utah; and James Walker, Superintendent, Salt Lake County Juvenile Detention Facility, Defendants and Respondents.

No. 13338.

Supreme Court of Utah.

Oct. 29, 1973.

——◆——

David S. Dolowitz, and Robert M. Felton, Salt Lake County Bar Legal Service, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, William T. Evans, Asst. Attys. Gen., Salt Lake City, for defendants and respondents.

ELLETT, Justice:

Donald R., a minor under 18 years of age, was accused in the Juvenile Court with the

violation of various state statutes. To those accusations he entered pleas of not guilty and demanded to be released on bail. After an evidentiary hearing a judge of the Juvenile Court refused to release Donald to go at large. He then filed a petition in the District Court seeking his release on a writ of habeas corpus. The trial judge dismissed the petition on the ground that the District Court was not the proper forum to consider the petition.

■ The District Court has power to hear petitions for habeas corpus by virtue of the Utah Constitution except in those matters prohibited by the Constitution or by statute.[1]

Our Constitution provides:[2]

The Judicial power of the State shall be vested in the Senate sitting as a court of impeachment, in a Supreme Court, in district courts, in justices of the peace, and such other courts inferior to the Supreme Court as may be established by law.

The Juvenile Court System was established in Utah by Chapter 165, Laws of Utah 1965,[3] and was given exclusive jurisdiction over delinquent children. The statute provides for appeals to the Supreme Court. The trial judge refused to take jurisdiction because Donald had not filed a petition in

1. Article VIII, Sec. 7.

2. Article VIII, Sec. 1.

3. Title 55, Chapter 10, U.C.A.1953 (1973 Pocket Supplement).

the Juvenile Court requesting release on a writ of habeas corpus nor had he appealed to the Supreme Court from the denial of bail.

A statutory court has only the powers specifically granted to it by the act and such other powers as are necessarily implied to carry out its specified functions. It does not appear that the power to issue writs of habeas corpus was given by the statute to the Juvenile Court. We, therefore, think that in a proper case the District Courts of this state could issue a writ to determine the legality of the detention of a child without acting as an appellate court in reversing or amending the order made by the Juvenile Court.

The Juvenile Court does have continuing jurisdiction to modify an order made or to terminate it during the minority of a child when a change of circumstances warrants it.[4]

The claim of the appellant that he has a constitutional right to bail is not well founded. By statute[5] the proceedings in the Juvenile Court in connection with children are civil in nature and not criminal. The only exception is for traffic offenses. The Juvenile Courts exist for the purpose of aiding children and not punishing them.

The Juvenile Courts look out for the physical, mental, and moral welfare of delinquent children as well as for the protection of society against mischievous and destructive acts of delinquent children.

To release a delinquent child on bail when his welfare requires supervision would defeat the very purposes of the act.

Our statute[6] denies bail to a delinquent child. It reads:

\*   \*   \*   \*   \*   \*

(5) Provisions of law regarding bail shall not be applicabe to children detained or taken into custody under this act, except that bail may be allowed when a child who need not be detained lives outside this state.

The section[7] of our Constitution proscribing excessive bail has application to criminal cases, where a presumption of innocence prevails, and does not apply to the proceedings in Juvenile Courts where incorrigible or delinquent children are being trained and their habits corrected.

The general law is set forth in 47 Am. Jur.2d, Juvenile Courts, Etc., Sec. 36, as follows:

\*   \*   \*   \*   \*   \*

On the ground that juvenile court proceedings are civil and not criminal, it has

---

4. Sec. 55–10–108, U.C.A.1953 (1973 Pocket Supplement).

5. Sec. 55–10–105, U.C.A.1953 (1973 Pocket Supplement).

6. Sec. 55–10–91, U.C.A.1953 (1973 Pocket Supplement).

7. Article I, Sec. 9.

generally been held that constitutional and statutory provisions regarding bail have no application to such proceedings.

. . .

The petition did not state grounds for the issuance of a writ of habeas corpus, and the order dismissing it is affirmed.[8]   No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

8.  5 C.J.S. Appeal and Error § 1464(1).