Shaikh A. MABUD, Plaintiff
and Appellant,

v.

PAKISTAN INTERNATIONAL
AIRLINES, Defendant and
Respondent.

No. 19521.

Supreme Court of Utah.

April 30, 1986.

Irshad A. Aadil, Salt Lake City, for plaintiff and appellant.

M. Douglas Bayly, Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from a decision of the district court affirming an order of the circuit court which granted defendant's motion to dismiss for lack of personal jurisdiction.

Plaintiff's complaint was filed in circuit court against United Air Lines Corporation ("UAL") and Pakistan International Airlines ("PIA"). Plaintiff alleged that the two defendants had lost his luggage when he traveled from Salt Lake City, Utah, to Cairo, Egypt, on June 22, 1982. UAL answered the complaint and filed a crossclaim against PIA for contribution and indemnification. PIA appeared specially to challenge the court's jurisdiction over it under Utah's long arm statute, U.C.A., 1953, § 78–27–24. After a hearing on the matter, the circuit court granted PIA's motion to dismiss it from the law-suit (on jurisdictional grounds) and certified the order as a final judgment under Utah R.Civ.P. 54(b). Plaintiff appealed to the district court, where an order was entered affirming the dismissal of plaintiff's complaint as against PIA. Plaintiff thereupon filed a notice of appeal with this Court.[1]

Of course, our appellate jurisdiction over cases which are commenced in circuit court is limited to those that involve a constitutional issue. *State v. Taylor*, Utah, 664 P.2d 439 (1983). Plaintiff argues that Utah cannot refuse jurisdiction since it lies under an international treaty which, under provisions of the United States Constitution, Utah must honor. In so arguing, plaintiff has met our jurisdictional threshold for review under U.C.A., 1953, § 78–3–5.

Plaintiff urges that, independent of provisions of our long arm statute, Utah has jurisdiction over this matter under Article 28(1) of the Warsaw Convention. *See* 49 U.S.C.A. § 1502. The pertinent language is as follows:

*An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.*

(Emphasis added).

Plaintiff argues that he has a right to recover in this jurisdiction since he purchased a round-trip ticket and his ultimate destination was Salt Lake City. Assuming *arguendo* that plaintiff may bring suit in the United States under the treaty, personal jurisdiction does not necessarily lie in a particular court. The rationale is as follows:

1. The appeal was intitially decided by this Court on January 10, 1986 (reported at 25 Utah Adv. Rep. 52). The basis for the decision was that the circuit court judgment was not a final appealable order and the case had not been certified to the district court under Utah R.Civ.P. 54(b). PIA, in its petition for rehearing, pointed out that the judgment had been certified and the order inadvertently had not been included in the record by the clerk. Based upon that explanation, we granted the petition for rehearing and issue this replacement opinion.

[M]atters governed by the Warsaw Convention are subject to a dual concept of jurisdiction. On the first level, jurisdiction must be established in the international sense, that is, that the lawsuit is proper in a particular country within the meaning of Article 28(1) of the Warsaw Convention. The second level of jurisdiction is the jurisdiction of the particular court selected by the plaintiff ... [which court] must have jurisdiction pursuant to applicable domestic law.

*Hill v. United Airlines,* 550 F.Supp. 1048, 1053–54 (D.Kan.1982) (*citing,* among others, *Mertens v. Flying Tiger Line, Inc.,* 341 F.2d 851 (2nd Cir.1965)).

■ We must therefore consider whether Utah may assert personal jurisdiction over PIA. A nonresident defendant is subject to personal jurisdiction in this state where it is "doing business" in Utah or, alternatively, it has "minimum contacts" with the plaintiff in Utah. *See Synergetics v. Marathon Ranching Co.,* Utah, 701 P.2d 1106 (1985). In the instant case, it is uncontested that PIA has no personnel, funds, equipment, or operations in Utah. Plaintiff purchased his ticket by mail from an Illinois travel agency, left Salt Lake City on UAL, and boarded PIA's aircraft in New York City. On those facts, to assert personal jurisdiction over PIA would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The dismissal of plaintiff's complaint against PIA is therefore affirmed. Costs to PIA.