SALT LAKE CITY CORPORATION,
Plaintiff and Appellee,

v.

Ronald Scott LEAHY, Defendant
and Appellant.

No. 920382–CA.

Court of Appeals of Utah.

Feb. 19, 1993.

Ronald Scott Leahy, pro se.

Larry V. Spendlove, Salt Lake City, argued, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Ronald Scott Leahy appeals from a circuit court judgment in favor of Salt Lake City Corporation. We dismiss the appeal.

## FACTS

On October 27, 1990, an automobile registered to Ronald Scott Leahy was cited by Salt Lake City Corporation (Salt Lake City) for being parked at an expired parking meter. Leahy did not respond to the parking notice nor to several other notices which were mailed to the address that appeared on his motor vehicle registration.

In response to Leahy's inaction, Salt Lake City filed a small claims affidavit in the small claims division of the circuit court, seeking judgment against him in the amount of $47 for the parking violation and penalties. At trial in small claims court, Salt Lake City offered evidence that Leahy was the registered owner of the vehicle that was parked in violation of Salt Lake City Code § 12.56.150 on the date and time in question. Leahy offered no evidence that his vehicle was not the one parked in violation of the ordinance, but instead challenged the constitutionality of Salt Lake City Code §§ 12.56.150 and 12.56.530.[1] The

---

1. Section 12.56.150 provides, in pertinent part:
   B. No person shall park any vehicle in any parking meter space, except as otherwise permitted by this chapter, without immediately depositing in the parking meter contiguous to the space such lawful coin or coins of the United States as are required for such meter and designated by directions on the meter, and when required by the direction on the meter, setting in operation the timing mechanism thereof in accordance with said directions, unless the parking meter indicates at the time such vehicle is parked that an unexpired portion of the period for which a coin or coins has been previously deposited.
   C. No person except as otherwise provided by this chapter, shall permit any vehicle parked by such person to remain parked in any parking meter space during any time when the parking meter contiguous to such space indicates that no portion remains of the period for which the last previous coin or coins has been deposited, or beyond the time

small claims court upheld the constitutionality of those ordinances and rendered judgment against Leahy in the amount of $118, including costs and attorney fees in addition to the imposed fine.

Leahy appealed the small claims court's judgment to the Third Circuit Court. At a trial de novo, Leahy reasserted his challenge to the constitutionality of Salt Lake City Code §§ 12.56.150 and 12.56.530. After trial, the court ruled that the ordinances were constitutional and entered judgment in the amount of $33, representing $7 for the fine and $26 court costs.

On appeal, Salt Lake City argues that this court is without jurisdiction to hear this matter under Utah Code Ann. § 78–6–10(2) (1992), which precludes an appeal from the trial de novo at the circuit court unless that court holds a statute or ordinance unconstitutional. Leahy challenges the constitutionality of section 78–6–10(2) and further claims the circuit court erred in determining that Salt Lake City Code §§ 12.56.150 and 12.56.530 were constitutional.

## JURISDICTION

"[T]he initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction. When a matter is outside the court's jurisdiction, it retains only the authority to dismiss the action." *Allred v. Allred*, 807 P.2d 350, 350 (Utah App.1991) (quoting *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah App.1989)). *Accord Lopez v. Career Serv. Review Bd.*, 834 P.2d 568, 571 (Utah App.), *cert. denied*, 843 P.2d 1042 (Utah 1992); *Barney v. Division of Occ. & Pro. Licensing*, 828 P.2d 542, 544 (Utah App.), *cert. denied*, 843 P.2d 516 (Utah 1992); *State v. Matus*, 789 P.2d 304, 305 (Utah App.1990).

In *Donald R. v. Whitmer*, 30 Utah 2d 206, 515 P.2d 617 (1973), the Utah Supreme

Court explained that "[a] statutory court has only the powers specifically granted to it by the act and such other powers as are necessarily implied to carry out its specified functions." *Id.*, 515 P.2d at 619; *see also* Utah Const. art. VIII, § 5 ("The jurisdiction of [all courts other than district courts], both original and appellate, shall be provided by statute.").

The Legislature created the court of appeals under Utah Code Ann. § 78–2a–1 (1992). As a statutory court, this court has been granted broad appellate jurisdiction which is set forth in Utah Code Ann. § 78–2a–3(2) (1992). Included in that grant is the jurisdiction to review "appeals from the circuit courts...." Utah Code Ann. § 78–2a–3(2)(d) (1992). However, because the court of appeals is a statutory court, the Legislature has the power to define our jurisdiction, *see City of Monticello v. Christensen*, 788 P.2d 513, 516–19 (Utah), *cert. denied*, 498 U.S. 841, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990); accord Donald R. v. Whitmer, 515 P.2d at 619.

Under Utah Code Ann. § 78–6–10(2) (1992), the Legislature has expressly limited our jurisdiction of reviewing cases from circuit court which originated in that court by way of appeal from small claims court. Section 78–6–10(2) states:

The appeal to the circuit court [from the small claims department of the circuit court] is a trial de novo and shall be tried in accordance with the procedures of the small claims department, except a record of the trial shall be maintained. The trial de novo may not be heard by a small claims court judge pro tempore appointed under Section 78–6–1.5. *The decision of the trial de novo may not be appealed unless the court holds a state statute or local ordinance unconstitutional.*

Utah Code Ann. § 78–6–10(2) (1992) (emphasis added).

---

limited for parking as designated on the meter.

Section 12.56.530 of Salt Lake City Code provides:

Whenever any vehicle shall have been parked in violation of any of the provisions of any ordinance prohibiting or restricting parking, the person in whose name such vehicle is registered shall be prima facie responsible for such violation and subject to the penalty therefor.

In the case at bar, the circuit court did not hold the challenged ordinances unconstitutional, consequently, pursuant to section 78–6–10(2), we are without jurisdiction to review Leahy's appeal from the trial de novo before that court.[2]  Accordingly, we dismiss the appeal.

BILLINGS and GREENWOOD, JJ., concur.

---

**2.** Because section 78–6–10(2) divests this court, a statutory court, of jurisdiction in this matter, we do not address the constitutionality of that statute. However, as a constitutionally created court, the Utah Supreme Court retains ultimate appellate jurisdiction where a constitutional issue is involved.  *See State v. Milligan,* 727 P.2d 213, 215 n. 2 (Utah 1986); *Mabud v. Pakistan Int'l Airlines,* 717 P.2d 1350, 1351 (Utah 1986); *State v. Taylor,* 664 P.2d 439, 441 (Utah 1983); *see generally* Utah Const. art. VIII, § 1.