STATE of Utah and Jan Graham, Utah Attorney General, Petitioners,

v.

The Honorable A. Lynn PAYNE, Judge, Eighth Judicial District Court, Uintah County, Utah, Respondent.

No. 950042.

Supreme Court of Utah.

March 21, 1995.

Jan Graham, Atty. Gen., Carol Clawson, J. Kevin Murphy, Asst. Attys. Gen., Salt Lake City, for plaintiffs.

Brent M. Johnson, Salt Lake City, for defendant.

Jerome H. Mooney, Wendy M. Lewis, Salt Lake City, for Valentino Colorow.

ZIMMERMAN, Chief Justice:

Petitioners the State of Utah and Jan Graham, the Utah Attorney General, bring this petition for extraordinary relief pursuant to rule 65B(e) of the Utah Rules of Civil Procedure.[1] Petitioners contend that the district court "failed to perform an act required by law as a duty of office"[2] when it refused to decide if it had jurisdiction over the second degree murder and aggravated kidnapping prosecution in *State v. Colorow*, No. 941800319 (D.Ct. filed June 10, 1994). We grant the petition and direct the district court to decide the jurisdictional issue in accordance with the dictates of this opinion.

Valentino Colorow, a member of the Ute Indian tribe, is charged in the Eighth District Court with murder, Utah Code Ann. § 76–5–203, and aggravated kidnapping, *id.* § 76–5–302, both first degree felonies. The parties agree that the victim, also a Ute Indian, died by criminal homicide. There is, however, an unresolved question: to wit, did the victim die in Utah state territory, thereby giving the state district court jurisdiction to try the offense, or within federal Indian trust land, thereby giving the federal district

---

1. Rule 65B(e) provides in pertinent part as follows:

Wrongful use of judicial authority or failure to comply with duty.
(1) Who may petition. A person aggrieved or whose interests are threatened by any of the acts enumerated in this paragraph (e) may petition the court for relief.
(2) Grounds for relief. Appropriate relief may be granted: (A) where an inferior court, administrative agency, or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion; (B) where an inferior court, administrative agency, corporation or person has failed to perform an act required by law as a duty of office, trust or station; or (C) where an inferior court, administrative agency, corporation or person has refused the petitioner the use or enjoyment of a right or office to which the petitioner is entitled.

2. Utah R.Civ.P. 65B(e)(2)(B).

court for the district of Utah jurisdiction to try the offense?[3]

In response to the jurisdictional uncertainty, the State filed a motion in limine, asking the district court to decide the question of jurisdiction before trial. The district court declined to decide whether the state had jurisdiction, ruling instead that jurisdiction is a jury question:

> [A]ssuming the issue is properly raised by the Defendant; in order to establish jurisdiction in this case, the State must prove by a preponderance of the evidence: 1. The offense occurred within the exterior boundaries of the State of Utah; and 2. the offense or some required element of the offense occurred outside the reservation. The issue of whether the State has met its burden of proving the above is for the jury to decide. The Court will determine whether the Defendant has properly raised the issue.

Finding itself without any other avenue to challenge the district court's ruling, the State invokes the extraordinary writ process, contending that the district court "failed to perform an act required by law as a duty of office" when it delegated the question of jurisdiction to the jury.

 We agree with the State that the district court "failed to perform an act required by law as a duty of office" when it delegated the issue of jurisdiction to the jury. Whether a district court has jurisdiction to hear a criminal matter is a question of law for the court. *See State v. Humphrey*, 823 P.2d 464, 465–66 (Utah 1991); *see also Salt Lake City Corp. v. Leahy*, 848 P.2d 179, 180 (Utah Ct.App.1993). Accordingly, it is the court, not the jury, that must determine whether jurisdiction is proper. If resolution of a factual dispute is necessary to settle the jurisdictional question, it is the court, not the jury, that must resolve the dispute. *State v. Alagao*, 77 Hawai'i 260, 883 P.2d 682, 684 (1994).

 We therefore direct the district court to decide, as a preliminary and nonfinal matter, whether it has jurisdiction over the crime at issue here. During this preliminary determination, the State must adduce sufficient evidence to demonstrate by a preponderance of the evidence that jurisdiction is proper and the trial should go forward.[4] Utah Code Ann. § 76–1–501(3). If the State meets that burden, the district court should allow the case to proceed to trial. If, however, it becomes apparent at any point during the course of the trial that the initial determination as to jurisdiction was improper, the district court must immediately dismiss the action. *See Leahy*, 848 P.2d at 180.[5]

The writ is hereby granted, and the district court is directed to proceed in accord with this opinion.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.

---

3. The victim received two potentially fatal injuries, one within the bounds of Indian trust land and one within the bounds of the state of Utah.

4. The State is aided in its proof on this issue by the presumption set out in section 76–1–201(2) of the Code. That section provides that "if the body of a homicide victim is found within the state, the death shall be presumed to have occurred within the state." Utah Code Ann. § 76–1–201(2). Thus, where there is no evidence as to place of death or where the evidence regarding the place of death weighs equally in favor of jurisdiction and nonjurisdiction, the statutory presumption will serve to "tip the scales" in favor of a finding that jurisdiction is proper.

5. During oral arguments before this court, the State expressed some hesitation about proceeding to trial without a final determination as to jurisdiction. This hesitation seemed to be based on the double jeopardy implications of proceeding to trial and then dismissing the action at some later date if the district court determines that it is without jurisdiction. We conclude that there is no basis for such a concern. Where a criminal defendant was "never tried by a court of competent jurisdiction, retrial is appropriate and does not violate" the Fifth Amendment to the United States Constitution. *State v. Cockrell*, 102 Wash.2d 561, 689 P.2d 32, 35–36 (1984) (en banc) (citing *Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)); *accord State v. Ambrose*, 598 P.2d 354, 358 (Utah 1979) ("It is well established in Utah that jeopardy attaches when an accused is put on trial *in a court of competent jurisdiction*, upon a valid indictment (or information), and a jury has been sworn and impaneled." (emphasis added)).