**STATE of Utah, Plaintiff and Appellee,**

v.

**M.L.C., a person under 18 years of age, Defendant and Appellant.**

No. 960016.

Supreme Court of Utah.

Feb. 25, 1997.

Jan Graham, Atty. Gen., Christine Soltis, Marian Decker, Asst. Attys. Gen., Salt Lake City, and Charles D. Behrens, Jr., Patricia S. Cassell, West Valley, for plaintiff and appellee.

Mark R. Moffat, Robert K. Heineman, Salt Lake City, for defendant and appellant.

RUSSON, Justice:

M.L.C., a minor, appeals from an order of the third district juvenile court denying him bail from the time he was charged with aggravated robbery by criminal information in juvenile court until he was bound over to district court to be tried as an adult pursuant to the Serious Youth Offender Act. We affirm.

## BACKGROUND

In October 1995, when he was sixteen years of age, M.L.C. was charged by criminal information in the third district juvenile court with aggravated robbery, a first degree felony in violation of section 76–6–302 of the Utah Code, and a firearm sentencing enhancement pursuant to section 76–3–203 of the Utah Code. This information was filed in accordance with the Serious Youth Offender Act, Utah Code Ann. § 78–3a–25.1 (Supp. 1995),[1] which required a determination by the juvenile court as to whether M.L.C. should be bound over to district court to be tried as an adult pursuant to the criminal information or whether he should remain in juvenile court and the criminal information be treated as though it were a juvenile petition.

Prior to the determination hearing, M.L.C. moved the juvenile court to set bail. The juvenile court denied the motion on the basis of sections 78–3a–30(10) and 78–3a–25.1 of the Utah Code. Section 78–3a–30(10) provides that provisions of the law relating to bail are generally not applicable to children under eighteen years of age.[2] Section 78–3a–25.1 provides that juveniles charged in juvenile court with certain aggravated offenses may be bound over to the district court to be tried and sentenced as adults and that, once bound over, such juveniles have the same right to bail as do adult defendants.

Subsequently, the juvenile court conducted the determination hearing. This hearing was required to determine whether there was probable cause to believe that M.L.C. had committed the alleged aggravated robbery and, if so, whether certain conditions existed that would nevertheless require the matter to remain in juvenile court as provided by section 78–3a–25.1(3) of the Utah Code. The juvenile court determined that M.L.C., indeed, should be bound over to district court to be tried as an adult and set bail at $20,-000.[3] Thereafter, M.L.C. appealed the juve-

---

1. In 1996, the Utah Legislature recodified this section as 78–3a–602. However, we use the section numbers in place at the time of appeal throughout this opinion. Unless otherwise indicated, all references to the Utah Code are to the 1995 Supplement.

2. "Child" is defined by section 78–3a–2(5) as "a person less than 18 years of age." Utah Code Ann. § 78–3a–2(5) (Supp.1995).

3. The case before us deals only with the bail issue. However, we note that M.L.C. also appealed the juvenile court's order of bindover to the Utah Court of Appeals. *See M.C. v. State,* 916 P.2d 914, 918 (Utah.Ct.App.1996) (holding that juvenile court's bindover determination is a final appealable order).

nile court's initial order denying bail pending the bindover determination.[4]

M.L.C. argues on appeal that he was entitled to bail immediately upon the filing of a criminal information in juvenile court under the serious youth offender statute, even though the juvenile court had not yet determined, pursuant to the statute, whether he would be bound over to district court to be tried as an adult or remain in juvenile court and have the information treated as a juvenile petition. He argues that at the time of the filing of the criminal information in juvenile court, he was a "person charged with a crime" and, thus, entitled to the right to bail guaranteed by article I, section 8 of the Utah Constitution, which provides, with certain enumerated exceptions, "All persons charged with a crime shall be bailable . . . ." M.L.C. also argues that the denial of bail prior to a determination of his status violates the unnecessary rigor clause of article I, section 9 of the Utah Constitution, as well as the Excessive Bail Clause of the Eighth Amendment of the United States Constitution. In addition, M.L.C. argues that the denial of bail violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the uniform operation of laws clause of article I, section 24 of the Utah Constitution inasmuch as juveniles and adults charged with the same crimes are treated disparately.

The State responds that serious youth offenders are not entitled to bail unless and until the juvenile court determines that bindover to adult district court is appropriate. Until bindover, the State argues, the juvenile does not have the status of a criminal defendant and, thus, does not have a federal or state constitutional right to bail. Additionally, the State argues that denying bail to charged serious youth offenders prior to bindover does not implicate the uniform operation of laws clause of the Utah Constitution or the Fourteenth Amendment to the United States Constitution inasmuch as there is no basis for treating adult and juvenile offenders as similarly situated groups and,

moreover, all juveniles, including serious youth offenders, are denied preadjudication bail eligibility.

## STANDARD OF REVIEW

■ Whether sections 78–3a–25.1(5) and 78–3a–30(10) violate the bail provisions of the Eighth Amendment of the United States Constitution and article I, sections 8 and 9 of the Utah Constitution are questions of law, which this court reviews for correctness. *State v. Mohi,* 901 P.2d 991, 995 (Utah 1995). Likewise, whether such statutory provisions violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the uniform operation of laws clause of article I, section 24 of the Utah Constitution are questions of law, which we review for correctness. *Id.* Doubts regarding the constitutionality of a statute should be resolved in favor of its constitutionality. *Id.*

## ANALYSIS

■ M.L.C.'s appeal became technically moot once he was bound over to the district court and immediately became eligible for bail. While we typically refrain from adjudicating moot questions, we recognize an exception to this rule where the "alleged wrong is 'capable of repetition yet evading review.'" *In re Giles,* 657 P.2d 285, 286 (1982) (quoting *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). Section 78–3a–25.1 provides that persons charged under the statute will either be bound over to district court where the statute explicitly states that they will be eligible for bail, Utah Code Ann. § 78–3a–25.1(5), or be retained in juvenile court as if charged by petition. Utah Code Ann. § 78–3a–25.1(3)(d), (4). A challenge to the denial of bail prior to bindover, as in the instant case, is likely to be mooted by either of these statutory procedures. Thus, the issues presented by this appeal are likely to evade review in the future. Accordingly, we proceed to address the issues presented.

---

4. Section 77–20–1(3) of the Utah Code provides, "An appeal may be taken from an order of any

court denying bail to the Supreme Court . . . ."

■ Article I, section 8 of the Utah Constitution provides that "[a]ll persons charged with a crime shall be bailable," with certain enumerated exceptions not at issue here.[5] However, juveniles appearing in juvenile court proceedings have been treated differently from adults appearing in adult court with respect to bail issues. In particular, section 78–3a–30(10) of the Utah Code provides, "Provisions of law regarding bail are not applicable to children detained or taken into custody...." And section 78–3a–44 provides, "Proceedings in children's cases shall be regarded as civil proceedings, with the court exercising equitable powers."

In *R. v. Whitmer*, 30 Utah 2d 206, 208, 515 P.2d 617, 619–20 (1973), this court held that the excessive bail provision of article I, section 9 did not apply to juvenile court proceedings because "[t]he section of our Constitution proscribing excessive bail has application to criminal cases, where a presumption of innocence prevails, and does not apply to the proceedings in Juvenile Courts."

Moreover, most courts considering whether the excessive bail provision of the Eighth Amendment of the United States Constitution confers a right to bail upon juveniles have held that juveniles do not have a constitutional right to bail. *See, e.g., D.B. v. Tewksbury*, 545 F.Supp. 896, 906 (D.Or.1982) ("[C]hildren are not entitled to a jury trial, to indictment by Grand Jury, or to bail."); *L.O.W. v. District Court*, 623 P.2d 1253, 1258–59 (Colo.1981) (en banc) (holding that juveniles do not have right to bail under

United States or Colorado constitution); *Aubry v. Gadbois*, 50 Cal.App.3d 470, 123 Cal. Rptr. 365, 367 (1975) ("The Eighth Amendment ... confers a right to bail on no one, whether adult or juvenile."); *see also* Joseph T. Bockrath, Annotation, *Right of Bail in Proceedings in Juvenile Courts*, 53 A.L.R.3d 848, 851 (1973).

In 1995, the Utah Legislature passed the Serious Youth Offender Act, whereby a criminal information could be filed against a juvenile between the ages of sixteen and eighteen in juvenile court as to certain enumerated felonies but requiring the juvenile court to determine whether the juvenile should be bound over to district court or remain in juvenile court. Utah Code Ann. § 78–3a–25.1.[6] M.L.C. argues that a juvenile charged under the serious youth offender statute is, in fact, a person "charged with a crime" within the meaning of article I, section 8 of the Utah Constitution and, thus, is entitled to bail. We disagree.

■ While a "criminal information" may be filed in juvenile court, it has no legal effect as such until the juvenile court so determines. A hearing must be held in juvenile court to determine whether the minor will remain in juvenile court and have the criminal information treated as though it were a juvenile petition or whether the juvenile should be bound over to district court to be tried as an adult on the criminal information.[7] At such hearing, the State has the

---

5. Bail is not available under this section for

(a) persons charged with a capital offense when there is substantial evidence to support the charge; or

(b) persons charged with a felony while on probation or parole, or while free on bail awaiting trial on a previous felony charge, when there is substantial evidence to support the new felony charge; or

(c) persons charged with any other crime, designated by statute as one for which bail may be denied, if there is substantial evidence to support the charge and the court finds by clear and convincing evidence that the person would constitute a substantial danger to any other person or to the community or is likely to flee the jurisdiction of the court if released on bail.

Utah Const. art. I, § 8.

6. Section 78–3a–25.1(1) of the Utah Code states, "Any action filed by a county attorney, district attorney, or attorney general charging a juvenile 16 years of age or older with a felony shall be by criminal information and filed in the juvenile court...."

7. Section 78–3a–25.1(3) states:

(a) If the information alleges the violation of [section 76–6–302, aggravated robbery], the state shall have the burden of going forward with its case and the burden of proof to establish probable cause to believe that [aggravated robbery] has been committed and that the defendant committed it....

(b) If the juvenile court judge finds the state has met its burden under this subsection, the court shall order that the defendant be bound over and held to answer in the district court in the same manner as an adult unless the juvenile

burden to establish probable cause that the minor committed one of the nine felonies enumerated in the statute before the juvenile court judge can bind him over to trial in district court. Utah Code Ann. § 78–3a–25.1(3).[8] However, even if the State establishes probable cause, the juvenile is given the opportunity, pursuant to the statute, to prove the existence of certain factors which would require that the juvenile remain in juvenile court. Id.[9] If such factors were established, the juvenile court judge would be compelled to treat the information as a juvenile petition and the juvenile would be held for trial as a juvenile. Utah Code Ann. § 78–3a–25.1(3)(d). In such a case, the matter would continue as a civil matter, pursuant to section 78–3a–44 of the Utah Code,[10] and the juvenile would not be entitled to bail. See Whitmer, 30 Utah 2d at 208, 515 P.2d at 619–20. On the other hand, if probable cause were established and the juvenile did not prove the existence of the retention factors, the juvenile court would be compelled to order the juvenile bound over to district court to be tried as an adult on the criminal information. At that time, the juvenile would immediately be entitled to the same rights to bail applicable to all persons charged in district court. See Utah Code Ann. § 78–3a–25.1(5).[11] Accordingly, while the juvenile is before the juvenile court for such determination and until the juvenile is bound over to district court on the criminal information, he or she is not a person actually "charged with a crime" within the meaning of article I, section 8 of the Utah Constitution, and thus, denial of bail prior to bindover does not violate this provision.[12]

■ M.L.C. also contends that denying bail to juveniles charged under the serious youth offender statute pending a bindover determination violates the unnecessary rigor provision of article I, section 9 of the Utah Constitution, which provides, "Persons arrested or imprisoned shall not be treated

---

court judge finds that all of the following conditions exist:

 (i) the juvenile has not been previously adjudicated delinquent for an offense involving the use of a dangerous weapon which would be a felony if committed by an adult;

 (ii) that if the offense was committed with one or more other persons, the juvenile appears to have a lesser degree of culpability than the codefendants; and

 (iii) that the juvenile's role in the offense was not committed in a violent, aggressive, or premeditated manner.

 (c) Once the state has met its burden under this subsection as to a showing of probable cause, the defendant shall have the burden of going forward and presenting evidence as to the existence of the above conditions.

 (d) If the juvenile court judge finds by clear and convincing evidence that all the above conditions are satisfied, the court shall so state in its findings and order the juvenile held for trial as a juvenile and shall proceed upon the information as though it were a juvenile petition.

8. If the State fails to establish probable cause to believe that the defendant committed one of the nine enumerated felonies but the juvenile court judge still finds that the juvenile committed an offense, "the juvenile court judge shall order the defendant held for trial as a juvenile and shall proceed upon the information as though it were a juvenile petition." Utah Code Ann. § 78–3a–25.1(4).

9. The constitutionality of the retention factors enumerated in section 78–3a–25.1(3)(b) is currently being raised in the court of appeals, see In re M.C., 916 P.2d 914, and is not at issue in this appeal.

10. This section provides, "Except as provided in Sections 78–3a–25 and 78–3a–25.1, proceedings in children's cases shall be regarded as civil proceedings." While we are not called upon specifically to interpret this provision, we read this provision to be consistent with our interpretation of section 78–3a–25.1, which provides that an information filed in juvenile court does not trigger a criminal prosecution unless and until the juvenile is bound over to district court. Prior to such determination, if the juvenile court determines that the criminal information shall be treated as though it were a juvenile petition, the matter shall be regarded as civil in nature.

11. Section 78–3a–25.1(5) of the Utah Code provides:

 At the time of a bind over to district court a criminal warrant of arrest shall issue. The defendant shall have the same right to bail as any other criminal defendant and shall be advised of that right by the juvenile court judge. The juvenile court shall set initial bail in accordance with Title 77, Chapter 20, Bail.

12. Because we hold that serious youth offenders are not "persons charged with a crime" for purposes of article I, section 8 of the Utah Constitution, it is not necessary to consider whether serious youth offenders otherwise fall within article I, section 8's exceptions to bailability.

with unnecessary rigor." We find this argument to be without merit.

The plain language of the unnecessary rigor clause protects prisoners or arrested persons from treatment that is unnecessarily rigorous. It does not say anything about bail or even the terms or conditions of punishment. Utah Const. art. I, § 9. While we have not yet articulated the full scope of the unnecessary rigor clause, we recently held that this provision applies where a prisoner shows that a "prison employee was deliberately indifferent to [the prisoner's] medical needs or subjected him to clearly excessive or deficient or unjustified treatment." *Bott v. DeLand*, 922 P.2d 732, 744 (Utah 1996). We recognized that "the guarantee against unnecessarily rigorous treatment extends both to prisoners and to arrestees and protects them against unnecessary abuse," *id.* at 737, and that "unnecessary rigor must be treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life." *Id.* at 741. We also noted that the Oregon Supreme Court does not apply the unnecessary rigor clause "to the quality of the charges that bring a defendant into custody, [but] only to the conditions of his incarceration." *Id.* (citing *State v. Moen*, 309 Or. 45, 786 P.2d 111, 142 (1990)).

Furthermore, M.L.C. has failed to provide us with any case law from other jurisdictions applying the unnecessary rigor clause to bail issues. M.L.C. does cite *Suter v. State*, 227 Ind. 648, 88 N.E.2d 386 (1949), and *Sanders v. State*, 216 Tenn. 425, 392 S.W.2d 916 (1965), for the proposition that other states whose constitutions have an unnecessary rigor clause "generally apply it to abuses which occur during pretrial incarceration." However, neither of these cases addresses the right to bail issue under the respective unnecessary rigor provisions. Rather, these cases support our interpretation—that the clause applies to abusive treatment of prisoners or arrestees. The *Suter* court applied Indiana's unnecessary rigor provision to a consideration of claimed coercive conditions of confinement leading to an involuntary confession. 88 N.E.2d at 388, 391. The *Sanders* court similarly applied Tennessee's unnecessary rigor provision to a complaint about the treatment afforded defendants during their postarrest detention. 392 S.W.2d at 918–19. Moreover, our own research has failed to produce a case where a state's unnecessary rigor clause has been applied to bail issues. Accordingly, on the basis of the plain wording of the unnecessary rigor clause and our previous interpretations of this provision, we now hold that the unnecessary rigor clause does not apply to bail issues. Thus, we find M.L.C.'s argument to be without merit.

 M.L.C. also argues that denying bail to juveniles charged under the serious youth offender statute violates the Eighth Amendment to the United States Constitution. The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. M.L.C. concedes that the Eighth Amendment "says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 2104, 95 L.Ed.2d 697 (1987). In fact, the United States Supreme Court has observed that the Eighth Amendment "fails to say all arrests must be bailable." *Carlson v. Landon*, 342 U.S. 524, 546, 72 S.Ct. 525, 537, 96 L.Ed. 547 (1952). Furthermore, the United States Supreme Court has not addressed whether juveniles have a constitutional right to bail under the Eighth Amendment. *See In re Whittington*, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968).

For essentially the same reasons that led us to determine in *Whitmer* that the excessive bail provisions of the Utah Constitution do not apply to juveniles, we hold that the denial of bail to a juvenile prior to bindover under section 78–3a–25.1 does not violate the excessive bail provisions of the Eighth Amendment. Until bindover, the juvenile is still subject to the jurisdiction of the juvenile court and the juvenile court may retain jurisdiction. Moreover,

> juveniles seeking release pending adjudication are not situated like adults applying for bail pending trial. A child does not have the unqualified right of individual liberty that an adult has because a child is subject to parental control. Therefore, the

full basis for bail does not exist with regard to children, for a child released on bail would not gain individual freedom from custody but would simply be restored to parental control.

*Morris v. D'Amario,* 416 A.2d 137, 140 (R.I. 1980); *see also Pauley v. Gross,* 1 Kan. App.2d 736, 574 P.2d 234, 240 (1977) (denying bail to child is different from denying bail to adult because children are already subject to parental or other control). Accordingly, denying bail to charged serious youth offenders prior to bindover does not violate the Excessive Bail Clause of the Eighth Amendment to the United States Constitution.

■ M.L.C. also contends that denying bail to juveniles charged under the serious youth offender statute violates the uniform operation of laws clause of article I, section 24 of the Utah Constitution and the Fourteenth Amendment to the United States Constitution inasmuch as the statute's provisions deny bail to juveniles charged with certain enumerated crimes until bindover, while adults charged with the same offenses are eligible for bail.

Article I, section 24 of the Utah Constitution provides, "All laws of a general nature shall have uniform operation." M.L.C. argues that because both adults and juveniles may be charged with the aggravated offenses enumerated in section 78–3a–25.1(1), juveniles and adults are appropriately grouped together for purposes of an article I, section 24 analysis. M.L.C. also argues that section 78–3a–25.1 divides this class of persons into two groups, adults who are taken before a magistrate and routinely allowed bail and juveniles who are denied bail until bindover. Because the crimes charged are identical and the potential punishments are identical, M.L.C. argues that the different treatment afforded juveniles and adults violates article I, section 24.

In analyzing claims under article I, section 24,

we must first determine what classifications, if any, are created by the statute. Second, we must determine whether different classes or subclasses are treated disparately. Finally, if any disparate treatment exists between classes or subclasses, we must determine whether the legislature had any reasonable objective that warrants the disparity.

*Mohi,* 901 P.2d at 997; *see also Malan v. Lewis,* 693 P.2d 661, 670 (Utah 1984).

This court has already held that the different treatment afforded juveniles and adults with respect to bail is not unconstitutional. *Whitmer,* 30 Utah 2d at 208, 515 P.2d at 619. Furthermore, as we have already determined, a juvenile charged under the serious youth offender statute is to be considered a juvenile in juvenile court unless and until the juvenile court makes a determination that such juvenile should be bound over to district court to stand trial on the criminal information.

Treating a juvenile—including a juvenile charged under the serious youth offender statute prior to bindover—differently from an adult with respect to bail is not arbitrary but is reasonably related to the purposes of the Juvenile Courts Act, including section 78–3a–25.1, which M.L.C. does not challenge. In part, the purposes of the Juvenile Courts Act are to

(a) promote public safety and individual accountability by the imposition of appropriate sanctions on persons who have committed acts in violation of law;

(b) order appropriate measures to promote guidance and control, preferably in the child's own home, as an aid in the prevention of future unlawful conduct and the development of responsible citizenship;

(c) where appropriate, order rehabilitation, reeducation, and treatment for persons who have committed acts bringing them within the court's jurisdiction;

. . . ;

(g) consistent with the ends of justice, strive to act in the best interests of the children in all cases and attempt to preserve and strengthen family ties where possible.

Utah Code Ann. § 78–3a–102(5) (1996). The protective and rehabilitative purposes of the Juvenile Courts Act are reasonably related to denying bail to juveniles, including a juvenile charged under the serious youth offender

statute prior to a determination that he or she will be bound over to district court. Accordingly, denying a charged serious youth offender bail until bindover to district court does not violate article I, section 24 of the Utah Constitution.

 Likewise, because prior to bindover, juveniles and adults are not in the same class, we need not address M.L.C.'s contention that the denial of prebindover bail violates equal protection under the Fourteenth Amendment of the United States Constitution. *See State v. Taylor*, 541 P.2d 1124, 1125 (Utah 1975) ("All that is required, under the Fourteenth Amendment, is equality among members of each class."); *Malan*, 693 P.2d at 669.

## CONCLUSION

On the basis of the foregoing, we hold that the juvenile court did not err in denying bail to M.L.C. prior to the time he was bound over to district court to be tried as an adult. We therefore affirm.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.