2008 UT App 257

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Frederick Thomas GEORGE, Defendant and Appellant.**

No. 20060591–CA.

Court of Appeals of Utah.

July 3, 2008.

Joan C. Watt and Samuel P. Newton, Salt Lake City, for Appellant.

Edward A. Berkovich, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and ORME, J.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Defendant Frederick Thomas George petitioned for interlocutory appeal from a pretrial order denying his motion in limine, which this court granted. Defendant asserts that Utah Code section 41–6a–515, which allows admission of Certificates of Calibration, *see* Utah Code Ann. § 41–6a–515 (2005), and the district court's subsequent ruling allowing Salt Lake City (the City) to admit those documents into evidence in lieu of live testimony violates his constitutional right to confrontation. *See* U.S. Const. amend. VI. We affirm.

## BACKGROUND

¶ 2 On March 31, 2005, officers observed a car parked in the lot of a neighborhood park. Defendant was in the driver's seat and two other individuals were in the back seat. The officers noticed bottles of alcohol in the car and asked Defendant to perform field sobriety tests, which he did. Subsequently, the officers arrested Defendant and took him to the police station where he submitted to a breath test. The test results indicated that Defendant's blood alcohol level was .13. The City charged Defendant with driving under the influence of alcohol with a minor in vehicle, a class A misdemeanor; open container in vehicle, a class C misdemeanor; and violation of park curfew, an infraction.

¶ 3 On February 8, 2006, at a scheduled jury trial, the City attempted to admit two calibration certificates in lieu of testimony of the technician, Trooper Byron Camacho, who

had conducted the calibration test,[1] to fulfill its duty to provide specific foundational evidence for the intoxilyzer results it sought to admit at trial. The City asked the court to authenticate and admit the calibration certificates, arguing that they were admissible as an exception to the hearsay rule because the documents were considered nontestimonial business records. Defendant objected, arguing that the calibration certificates were not admissible as a hearsay exception because the documents were affidavits prepared for prosecution purposes and, as a result, were testimonial, and did not qualify as a business record. The district court gave the parties time to brief the issue and scheduled a hearing for April 18, 2006. Subsequently, both Defendant and the City filed motions in limine regarding the admission of the certificates/affidavits.

¶ 4 After reviewing the parties' supporting memoranda and hearing additional arguments on the parties' motions in limine, the district court denied Defendant's motion. The court ruled that the certificates/affidavits were not testimonial, that Utah Code section 41–6a–515 is constitutional, and that the documents were admissible under section 41–6a–515. Defendant timely petitioned for interlocutory review, which petition this court granted.

## ISSUES AND STANDARDS OF REVIEW

■■■ ¶ 5 Defendant argues that the certificates/affidavits are testimonial hearsay and, as such, the admission of said docu-

ments as foundational evidence in lieu of Trooper Camacho's live testimony violates Defendant's Sixth Amendment right to confrontation.[2]

Our standard of review on the admissibility of hearsay evidence is complex, since the determination of admissibility often contains a number of rulings, each of which may require a different standard of review. Legal questions regarding admissibility are reviewed for correctness, and questions of fact are reviewed for clear error. And, [f]inally, we review the district court's ruling on admissibility for abuse of discretion.

*State v. Rhinehart,* 2006 UT App 517, ¶ 10, 153 P.3d 830 (alteration in original) (internal quotation marks omitted).

¶ 6 Defendant also argues that Utah Code section 41–6a–515, which allows admission of certificates/affidavits in lieu of the technician's live testimony, violates his Sixth Amendment right to confrontation. "Constitutional challenges to statutes present questions of law, which we review for correctness. Additionally, legislative enactments are presumed to be constitutional, and those who challenge a statute or ordinance as unconstitutional bear the burden of demonstrating its unconstitutionality." *State v. Green,* 2004 UT 76, ¶ 42, 99 P.3d 820 (internal quotation marks omitted).[3]

## ANALYSIS

¶ 7 Defendant asserts that based on *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct.

---

1. At the time of trial, Trooper Camacho was out of the country and unavailable to testify.

2. The City, pursuant to rule 37 of the Utah Rules of Appellate Procedure, has informed this court that Trooper Camacho is now available to testify. *See* Utah R.App. P. 37. Both parties assert that although Defendant's appeal has become technically moot, this court should not dismiss Defendant's interlocutory appeal on mootness grounds because the issue presented in this appeal is capable of repetition whenever the intoxilyzer technician is unavailable, and may yet continue to evade review. We agree with the parties that the issue of technician availability is capable of recurring and could evade review. Accordingly, we proceed to address Defendant's issues pertaining to the admission of certificates/affidavits in lieu of live technician testimony. *See State v. M.L.C.,* 933 P.2d 380, 382 (Utah 1997) ("While

we typically refrain from adjudicating moot questions, we recognize an exception to this rule where the alleged wrong is capable of repetition yet evading review." (internal quotation marks omitted)).

3. Initially, the City sought to use Trooper Camacho's supervisor, Sergeant Steven Winward, as a substitute expert even though he had not performed the tests on the intoxilyzer. On appeal, Defendant argues that such a substitution would also violate his Sixth Amendment right to confrontation. However, it appears that this issue is now moot since Trooper Camacho is available to testify and the City no longer seeks to use a substitute expert. The City, in its brief, asserts that the issue is moot and does not address it. Defendant does not respond to the City's contention of mootness. Accordingly, we do not address this particular issue.

1354, 158 L.Ed.2d 177 (2004), the district court's ruling allowing the City to admit two certificates/affidavits in lieu of the technician's live testimony violates Defendant's Sixth Amendment right to confrontation. Defendant further asserts that Utah Code section 41–6a–515, which allows such admission of said documents in lieu of live testimony, also violates his confrontation right.[4] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI.

### I. Nature of Calibration Certificates/Affidavits

■ ¶ 8 Defendant first argues that the district court erred in determining that the certificates/affidavits were nontestimonial and allowing the City to admit the documents at trial pursuant to Utah Code section 41–6a–515. Defendant asserts that the documents constitute testimonial evidence and that, as such are inadmissible under *Crawford* since Trooper Camacho was unavailable to appear at trial and Defendant had no opportunity to cross-examine him. *Crawford* provides that, in accordance with the Sixth Amendment, testimonial statements may be admitted only if the declarant is unavailable and if there has been a prior opportunity for cross-examination. *See Crawford,* 541 U.S. at 68, 124 S.Ct. 1354. "In contrast, nontestimonial hearsay can be admitted under generally accepted exceptions to the hearsay rule without running afoul of the Sixth Amendment." *Salt Lake City v. Williams,* 2005 UT App 493, ¶ 14, 128 P.3d 47; *see also Crawford,* 541 U.S. at 68, 124 S.Ct. 1354. Thus, the threshold question is whether the calibration certificates/affidavits are testimonial.

¶ 9 Defendant asserts that the certificates/affidavits are testimonial in nature because they were prepared for use in prosecution and Trooper Camacho knew that the documents would be used in trial as a substitute for his live testimony when he prepared them since the documents specify that he is "competent to testify." Conversely, the City argues that the documents are nontestimonial because they are prepared on an administrative schedule without regard to whether any particular defendant is arrested or charged with driving under the influence of alcohol.

■ ¶ 10 *Crawford* did not provide a comprehensive definition of "testimonial." However, it did give some guidance in determining whether a statement is testimonial. The Court in *Crawford* first noted that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." 541 U.S. at 50, 124 S.Ct. 1354. Then it identified three possible tests for determining what statements should be considered testimonial. The first would include "*ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." *Id.* (internal quotation marks omitted). The second possible test included "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions." *Id.* (internal quotation marks omitted). The last test considered was " 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial.' " *Id.* at 52, 124 S.Ct. 1354 (citation omitted). Without further discussion of the possible tests, the Court delineated two types of statements that would qualify as testimonial under any test: ex parte testimony at a preliminary hearing and statements taken by

4. Defendant argues his right to confrontation was violated but does not specify whether his rights were violated under the state constitution, federal constitution, or both. Because Defendant lists only the United States Constitution as being determinative of his appeal in his table of authorities, argues that his confrontation rights were violated in light of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and makes no separate state constitutional argument, we analyze his claim only under the federal Confrontation Clause. *See State v. Chavez,* 2002 UT App 9, ¶ 17 n. 4, 41 P.3d 1137.

police officers in the course of interrogations. *See id.*

¶ 11 The certificates/affidavits in this case are uncharacteristic of the typical kind of testimonial evidence at which the Confrontation Clause was aimed, i.e., ex parte examination of witnesses intended to be used against a particular defendant. Nor are the affidavits similar to the type of evidence that the *Crawford* Court identified as testimonial: prior ex parte testimony from a preliminary hearing or statements taken by police during interrogation. *See id.* Certificates/affidavits prepared in accordance with Utah Administrative Code R714–500–5 are created as part of a routine calibration test used to determine the accuracy of a breath testing instrument. *See* Utah Admin. Code R714–500–5(D)(3) (stating that all breath alcohol testing "instruments shall be certified on a routine basis, not to exceed 40 days between calibration tests, by a technician, depending on location of instruments and area of responsibility"); *see also id.* R714–500–4(D)(3) ("The department may, at any time, determine if a specific instrument is unreliable and/or unserviceable. Pending such a finding, an instrument may be removed from service and certification may be withdrawn.").

■ ¶ 12 In keeping with the routine nature of calibration tests, the certificates/affidavits are prepared in a manner and on a specific form as outlined in Utah Administrative Code R714–500–5(D)(5). *See id.* R714–500–5(D)(5) ("Results of tests for certification shall be kept in a permanent record book retained by the technician. A report of the certification procedure shall be recorded on the approved form Certificate of Calibration and sent to the program supervisor.").[5] The Certificate of Calibration is a standard form that contains preprinted language wherein the technician fills in the blanks, checks the boxes to indicate which tests were done, and

specifies whether any repairs are required. The form does not request defendant-specific information, rather it requires only that information necessary to determine whether the breath alcohol testing instrument is functioning properly, i.e., instrument serial number, instrument location, date of last prior check, checklist of tests completed, and repairs required. Because the certificates/affidavits contain only factual memorializations generated by a standardized test of a scientific machine and are created as part of a routine calibration test, we conclude that the certificates/affidavits are prepared to ensure that the breath testing instrument is accurate rather than directed to the prosecution of a specific defendant. *See, e.g., Bohsancurt v. Eisenberg,* 212 Ariz. 182, 129 P.3d 471, 480 (Ct.App.2006) (concluding that intoxilyzer affidavits are not testimonial under *Crawford* in part because the affidavits do not contain evidence against individual defendants); *State v. Norman,* 203 Or.App. 1, 125 P.3d 15, 18 (2005) (stating that the certifications do not resemble the classic kind of testimonial evidence at which the Confrontation Clause was aimed—ex parte examinations of witnesses intended to be used to convict a particular defendant). As a result the documents are not testimonial.

¶ 13 Although the certificates/affidavits may be used pursuant to and in compliance with Utah Code section 41–6a–515, "to prove that the [breath alcohol] analysis was made and the instrument used was accurate," *see* Utah Code Ann. § 41–6a–515(2) (2005), the practice of using affidavits in this manner does not render the documents testimonial since the certificates/affidavits are prepared on a routine basis to test the accuracy of breath testing instruments in order to facilitate the repair, removal, or decertification of such instruments, and are not prepared to be used to convict a particular defendant of a crime.[6] Because the certificates/affidavits

5. "Certificates of Calibration verifying the certification of any breath testing instrument shall be available during normal business hours through the Department of Public Safety, more specifically the Utah Highway Patrol Training Section...." U.A.C. R714–500–4(D)(2).

6. The certificates/affidavits in the case at hand do not appear to be the same type of affidavits that

the Court in *Crawford* cited as being among its "various formulations" of testimonial material. *See Bohsancurt v. Eisenberg,* 212 Ariz. 182, 129 P.3d 471, 480 (Ct.App.2006) ("The first type of affidavit the Court considered testimonial was one that is the functional equivalent of ex parte, in-court testimony.... The second context in which the Court referred to affidavits was extrajudicial statements ... contained in formalized

were prepared by a technician in the course of carrying out routine calibration testing as required by Utah Administrative Code R714–500–4 and –5, to certify the accuracy of test results of intoxilyzer machines, the evidence set forth in the documents is not accusatory as against any particular defendant. As such, we conclude that the documents are not testimonial in nature in the manner with which *Crawford* was concerned. As a result, the district court did not err in ruling that the certificates/affidavits may be admitted pursuant to Utah Code section 41–6a–515, in accordance with the Sixth Amendment, even though the technician was unavailable and Defendant had no prior opportunity for cross-examination.

¶ 14 We note that a number of jurisdictions have addressed the issue of whether similar intoxilyzer inspection certificates are testimonial, and it appears that the majority, applying comparable reasoning, have determined that said certifications are not testimonial for purposes of the Confrontation Clause. *See, e.g., Bohsancurt,* 129 P.3d at 482 (finding certifications are not testimonial because they are mandated by administrative rule and the calibration testing and recording is a type of routine daily task that is far removed from any concerns associated with the adversarial circumstances surrounding investigations or arrests); *Rackoff v. State,* 275 Ga. App. 737, 621 S.E.2d 841, 845 (2005) (finding certifications are not testimonial because they are prepared routinely and are not made in anticipation of prosecution against a particular defendant); *Napier v. State,* 827 N.E.2d 565, 569 (Ind.Ct.App.2005) (same); *Norman,* 125 P.3d at 18–19 (same).

## II. Constitutionality of Utah Code Section 41–6a–515

¶ 15 Defendant next argues that Utah Code section 41–6a–515 violates the Sixth Amendment because it permits the use of testimonial hearsay without the opportunity for cross-examination. Based on the above reasoning, we conclude that the certificates/affidavits are not testimonial, and as a result we need not consider whether Utah

Code section 41–6a–515 violates Defendant's confrontation right by permitting the use of testimonial hearsay without the opportunity for cross-examination. *See State v. Aquilar,* 758 P.2d 457, 459 (Utah Ct.App.1988) (" 'It is a fundamental rule that this [c]ourt should avoid addressing constitutional issues unless required to do so.' " (quoting *State v. Anderson,* 701 P.2d 1099, 1103 (Utah 1985))).

■ ¶ 16 In a related argument, the City asserts that Defendant's challenge to the constitutionality of Utah Code section 41–6a–515 affords this court the opportunity to specifically hold that calibration certificates are self-authenticating documents under a statutorily created hearsay exception, whose foundational threshold for admissibility is equivalent to that of public records and are thus admissible without the technician's presence at trial. The City misconstrues section 41–6a–515. The foundational threshold for admissibility under section 41–6a–515 is not equivalent to that of public records. Although Utah Code section 41–6a–515 allows admittance of certificates/affidavits without foundational evidence, it does so only under certain circumstances. *See* Utah Code Ann. § 41–6a–515.

¶ 17 Utah Code section 41–6a–515(3) provides that if the trial court finds that the standards and conditions established under subsections (1) and (2) have been met, "there is a *presumption* that the test results are valid and further foundation for introduction of the evidence is unnecessary." *Id.* § 41–6a–515(3)(emphasis added). The statute requires as a prerequisite to invoking the presumption that the test results are valid that the judge must find (1) that the commissioner of the department has established standards for the administration and interpretation of chemical analysis of breath or fluids, including standard training, *see id.* § 41–6a–515(1), and (2) that the certificates/affidavits "were made in the regular course of the investigation at or about the time of the act and the source of information from which [the certificates/affidavits were] made and the method and circumstances of their preparation indicate their trustworthiness," *id.*

testimonial materials, such as affidavits, depositions, prior testimony, or confessions." (second

omission in original) (internal quotation marks omitted)).

§ 41–6a–515(2). If those conditions are not met, then the statutory presumption is not available and foundation evidence would be required. By contrast, under Utah Rule of Evidence 902, "a certified copy of a public record, bearing the proper seal and signature, is a self-authenticating document requiring no extrinsic evidence of authenticity for admissibility." *State v. Jensen,* 2003 UT App 273, ¶ 10, 76 P.3d 188.

 ¶ 18 Because Utah Code section 41–6a–515 "merely defines those conditions under which a prosecutor may invoke a rebuttable presumption that breath test evidence is accurate and reliable," *State v. Garcia,* 965 P.2d 508, 515 (Utah Ct.App.1998),[7] we conclude that foundational evidence must be admitted if those conditions are not met. Thus, we cannot determine that documents admitted pursuant to this section are self-authenticating.

## CONCLUSION

¶ 19 In sum, because the certificates/affidavits were prepared by Trooper Camacho in the course of carrying out routine calibration testing as required by Utah Administrative Code R714–500–4 and –5 to certify the accuracy of test results of the intoxilyzer machine, we conclude that the documents are not testimonial in nature. Thus, the trial court did not err in determining that the certificates/affidavits were not testimonial in nature and accepting the City's submission of the documents at trial. Because we conclude that the certificates/affidavits are not testimonial in nature, we need not consider whether the admission of said documents pursuant to Utah Code section 41–6a–515 violates Defendant's Sixth Amendment right to confrontation. In addition, certificates/affidavits admitted pursuant to Utah Code section 41–6a–515 invoke a rebuttable presumption and as a result are not self-authenticating documents.

¶ 20 Accordingly, we affirm the district court's order denying Defendant's motion in limine.

¶ 21 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

¶ 22 I CONCUR, EXCEPT THAT AS TO SECTION I, I CONCUR ONLY IN THE RESULT: GREGORY K. ORME, Judge.

---

**7.** After *State v. Garcia,* 965 P.2d 508 (Utah Ct. App.1998), was decided, Utah Code section 41–6–44.3 was renumbered in a 2005 amendment as section 41–6a–515. *See* Utah Code Ann. § 41–6a–515 (2005) (amendment note).